SEE & BROTHER, Appellants, *vs.* Cox, Respondent.

1. In a pleading under the New Code, it is not necessary to state the facts or circumstances by which the ultimate fact relied on is to be proved.

*Appeal from St. Louis Court of Common Pleas.*

On the 18th of July, 1851, the appellants instituted a civil action in the Common Pleas Court of St. Louis county.

Their petition charged the respondent with executing a note annexed to the petition, and prayed judgment against him, for the amount of the note.

The note was in the words and figures following, viz :

"$1,313 98-100.        PHILADELPHIA, Aug. 14, 1850.

Six months'after date, *we*, the subscriber, residing in Hannibal, —— county, state of Missouri, promise to pay to the order of See, Brother & Co. thirteen hundred and thirteen dollars 98–100, without defalcation, for value received.

J. W. RHODES,
By his attorney
W. B. COX."

The respondent demurred to the petition, and assigned the following causes :

1. The petition shows no cause of action.

2. The petition is too uncertain to maintain the prayer thereof.

3. The note sued on, is the note of Rhodes, not Cox.

4. There must be some additional averment in the petition to make Cox liable on this note.

The demurrer was sustained by the court and the plaintiffs appealed. The assignment of errors raises the question whether said demurrer was properly sustained.

*Knox & Kellogg*, for appellants, contended, that under the New Code, the allegation in the petition, that the defendant executed the note sued on and annexed to the petition, and that the note was due and unpaid, constituted a cause of action, and that under that allegation, they might show, either that the defendant was a partner of Rhodes, or that he executed the note as agent, without authority, and thus was liable.

*Glover & Campbell*, for respondent, contended that the averment of the execution of the note must be taken, to mean, *in manner and form, as it appeared* annexed to the petition ; and that to allow the plaintiffs, under this averment, to prove the liability of the defendant by extrinsic facts, would operate as a surprise.

GAMBLE, Judge, delivered the opinion of the court.

The petition in this case alleges, that the defendant, *by his promissory note*, thereto annexed, *promised, for value received, to pay* plaintiffs, &c. The note appears to be signed "J. W. Rhodes, by his attorney M. B. Cox."

The allegation in the petition is to be examined and construed, under the direction of the 5th section of article 7th of the Code, which directs that, "in the construction of a pleading, for the purpose of determining its effect, its allegations shall be liberally construed, with a view to substantial justice between the parties." The proper effect of the pleading, when a petition is to be examined, is to state the facts, "in such manner as to enable a person of common understanding to know what is intended." It is not necessary, nor is it proper to state in a pleading the facts or circumstances by which the ultimate fact relied upon is to be proved. Here, the fact is expressly alleged, that the defendant, by the note, promised to pay the plaintiffs. The proof of that fact may be, by showing, either that the defendant was a partner of the person in whose name, as principal, it was executed, or that the defendant made the note without authority from the principal. In either case, as a matter of law, he would be held to have promised to pay the plaintiffs, and the allegation would be sustained.

The demurrer should have been overruled. The judgment will be reversed and the cause remanded.