Sanders v. Anderson.

SANDERS, Appellant, *vs.* ANDERSON & OTHERS, Respondents.

1. In a petition on a note signed "steamboat Ben Lee and owners, by W. R. W., captain," it is sufficient to aver that the defendants were bound, without stating the facts upon which their liability depends. (*See & Brother* v. *Cox*, 16 Mo. Rep. 166, affirmed.)

2. A note signed by matter of description, by which the promisers can be ascertained, is a valid note within the act concerning bonds and notes. (R. C. 1845.)

*Appeal from Taney Circuit Court.*

This was an action by the assignee against Anderson and others, upon a note, signed " steamboat Ben Lee & owners, by W. R. Wilson, captain." The petition stated that the defendants, " by their promissory note thereto" annexed, promised to pay, &c., and that the note was assigned to the plaintiff, and contained no further allegations. Judgment being rendered against the defendants for want of an answer, they appealed.

*E. L. Edwards*, for appellant.

*F. P. Wright*, for respondent.

LEONARD, Judge, delivered the opinion of the court.

In *See & Brother against Cox*, (16 Mo. Rep. 166,) it was held that, " in suing upon a promissory note, it was not necessary to specify by what name the party bound himself ; but that it was sufficient to state the obligation generally, leaving the particular manner of it to the proof," and we suppose there is no doubt of the correctness of this position. The petition in the present case charges that the defendants, by the annexed note, promised to pay, &c., and the allegation, therefore, as to the obligation of the defendants, is sufficient, if it were competent for them to identify and bind themselves in a written instrument, not by name, but by matter of description, such as is here used.

Individuals, as well as partnerships, it seems, may assume any name they please, and promissory notes, executed by them, in their assumed names, are obligatory upon them. ( *Grafton Bank* v. *Flanders*, 4 N. Hamp. 236.)

It is true, it was said of old, that, if one executed a bond in an assumed name, he must be sued in that name, and the bond would estop him, and that he could not be sued in his true name, alleging that he made the bond in the assumed name. (*Field* v. *Winslow*, Cro. Eliz. 897. *Gould* v. *Barnes*, 3

Taunt. 503. *Linch* v. *Hook*, 6 Mod. 225.) But it is presumed this would be otherwise under the new code of procedure.

The Touchstone, after stating, (ch. 12, p. 233,) that "the name of the persons in grants is set down only to distinguish persons, and to make the person intended certain," remarks, (p. 236,) "where a grant doth intend to describe the person of the grantee by his proper name, and doth omit or mistake his christian name or his surname, in this case, for the most part, the grant is void, unless there be some special matter to help it; and yet, if the grant do not intend to describe the grantee by his known name, but by some other matter, then it may be good, by a certain description of the person, without either surname or name of baptism."

The same law is, of course, applicable to obligations—executory contracts as well as grants ; and here, the promisors being ascertained and identified on the face of the instrument by matter of description—their ownership of the boat, which ought to be deemed sufficient, in commercial instruments at least—and the note having been signed by the captain, for them, is a valid note in writing within our statute, and obligatory upon the makers as an instrument.

There is no reason for reversing the judgment on the other grounds that have been suggested. The judgment is affirmed.