HANNIBAL AND ST. JOSEPH RAILROAD COMPANY, Plaintiff in Error, *v.* PATRICK S. KENNEY, Defendant in Error.

1. *Practice—Pleadings—Negligence—Railroad Corporations.*—A petition by a railroad company charging that the animals of defendant unlawfully and by reason of the negligence of defendant entered upon the track of the road, and thereby plaintiff was injured, shows a good cause of action ; plaintiff is not required to set forth the evidence in his pleadings, nor to set out the facts which show negligence in the defendant.
2. *Inclosures—Damages—Negligence—Railroad Corporations.*—By the law of this State the owner of animals is not bound to confine his stock within his own enclosures, and he is guilty of no negligence in not confining them ; but although he is not bound to fence them in, he may be guilty of such wilfulness or negligence in regard to his animals as to render himself liable to a railroad company for damages caused by their being upon the track.

*Error to Fifth District Court.*

*Carr,* and *Hall & Oliver,* for plaintiff in error.

The petition states facts sufficient to constitute a cause of

action—Kimbacker v. Clev., Col. & Cin. R.R. Co., 3 Ohio, 172, n. ed., and authorities cited.

*Vories & Vories*, for defendant in error.

The only question in this case presented to the court is whether the petition sets up any facts or charges any acts, either of commission or omission, on the part of the defendant, which would by the law amount to negligence for which he would be responsible in damages. It is contended by the defendant that there are no facts or acts of negligence alleged. The pleader seems to rely on the facts simply that the defendant's mules were permitted to run at large upon the prairie, the common, as nothing else is alleged either directly or by inference ; or, in other words, it seems to be assumed that it was the duty of the defendant to keep his mules up in his own enclosure, or that in default thereof he would be responsible for what they might do, or for where they might go, upon the enclosed land of others. This has never been held to be the law in this country, but the reverse has been invariably held, at least in the Western States, and in this State in reference to domestic animals—Canefox v. Crenshaw, 24 Mo. 199, and cases cited ; Holliday v. Marsh, 3 Wend. 142 ; Bush v. Brainard, 1 Cow. 78, and note.

HOLMES, Judge, delivered the opinion of the court.

The plaintiff sues for damages done to the railroad and a running train in consequence of the defendant's mules getting upon the track. It is alleged that the plaintiff was the owner of the railroad, and was running a passenger express train on the road, at night, in the county of Caldwell, when a large number of mules belonging to the defendant, unlawfully and by reason of the defendant's negligence, entered and were upon the track at a point where it was not the duty of the plaintiff to erect and maintain fences, and that without any negligence on the part of the plaintiff the train came in contact with the mules, causing damage to the locomotive, train and road, to the amount of $20,000, for which judgment is

asked. The case is presented here on demurrer to the petition for the reason that it does not state facts sufficient to constitute a cause of action. It is urged in support of the demurrer, that the petition does not state any facts nor charge any acts of omission or commission on the part of the defendant, which in law amount to negligence for which the defendant is responsible in damages, and that it appears to be assumed that it was the duty of defendant to keep his mules in his own enclosure, and that in default thereof he would be responsible for any damage which they might do by going upon the enclosed land of others.

We cannot sustain this view of the matter. The fact is stated that the defendant's mules had got upon the track unlawfully and by reason of the negligence of the defendant; it is not merely that the mules had strayed upon the track without his fault or knowledge. It is not necessarily assumed that the defendant was bound to keep the mules in his own enclosure, but it is positively averred that they were on the track by reason of his negligence. The trespass of the mules may be his own trespass as well, and he is certainly responsible for his own negligence if the negligence averred can be proved. The existence of negligence is a matter of fact, and must be proved like any other fact. The question what circumstances would amount to proof of negligence, or would show negligence, would more properly arise when the evidence should be produced—Lee v. Cox, 16 Mo. 166. It is settled law in this State, that the owner of animals is by our law under no obligation to fence them in; that is, in not confining them, he is in no fault, nor is he guilty of any negligence—Gorman v. Pacific R.R., 26 Mo. 441. But it was said in this case that "although the owner of animals is not bound to fence them in, yet there may arise a state of circumstances showing that he was guilty of such wilfulness or negligence in regard to his animals as would prevent a recovery of damages for their destruction"; and for the same reason we think he might be liable to the company for the damage done by them. The allegations

show a good cause of action. By what evidence the plaintiff will undertake to sustain them we, of course, cannot say, nor is it necessary that he should set forth his evidence in the petition. It may happen that no other evidence can be produced than the mere omission to enclose his cattle, and that no negligence can be proved on the part of the plaintiff; and if the negligence of both parties were only the remote, and neither the proximate cause of the damage, it might present a case of unavoidable accident, or simple misadventure, for which none could be held responsible—Kimbacker v. Clev., C. & C. R.R. Co., 3 Ohio, 172. But no opinion need be given on such questions until they arise upon the trial of the cause. The subject has been considered by this court in several cases, and need be no further discussed at this time —Gorman v. Pacific R.R., 26 Mo. 441; Clark's Adm'x v. Han. & St. Jo. R.R. Co., 36 Mo. 202.

We are of opinion that the petition states a good cause of action, and that the demurrer should have been overruled.

Judgment reversed and the cause remanded.