42 193
52a 127

42 193
87a 240

## WILLIAM TARWATER, Respondent, *v.* THE HANNIBAL AND ST. JOSEPH RAILROAD COMPANY, Appellant.

1. *Railroad Companies—Negligence—Pleading—Counter claim.*—Where suit was brought against a railroad company for damages in killing a horse, and the answer merely alleged that plaintiff carelessly and negligently turned the animal out upon the uninclosed lands adjoining the railroad, and that, by means of that act of gross negligence on the part of the plaintiff, the animal got on the track and was run over, whereby the cars were thrown off the track and injured to the amount of $5,000: *held,* that the answer contained no special defense to plaintiff's cause of action, nor a counter claim in the nature of a set-off. It was simply a counter claim, in the nature of a cross action, and was properly stricken out on motion. The counter claim, as an independent cause of action arising out of the same transaction, stated no additional facts which, those in the petition being admitted, would have entitled defendant to a several judgment against plaintiff.

2. *Railroad Companies — Stock — Uninclosed Lands.* — Under the decisions of this court, plaintiff had the lawful right to turn out his horse upon the uninclosed lands adjoining the railroad.

3. *Negligence — Pleadings — Averments.* — Whether or not a given state of facts amount to negligence, or to any proof of negligence, is a question of law. And an averment that an act was done carelessly and negligently, so far as it goes beyond a bare statement of the facts themselves, avers a matter of law only, of which the court, and not the party himself, must be the judge.

Where the answer sets up as a defense the negligence of plaintiff, it should be alleged as a main fact, which might be proved by evidence of other facts and circumstances from which negligence might be inferred by a jury.

4. Railroad companies may be liable in these cases for unavoidable accidents or simple misadventure, but the owner of cattle in such case would not be liable; but otherwise, where one willfully drives cattle upon a railroad track.

*Appeal from Caldwell Circuit Court.*

*Hall & Oliver,* for appellant.

I. The answer alleged negligence on the part of the plaintiff. Plaintiff's motion to strike out defendant's answer admitted the allegations contained in it. If either party, by his negligence, contribute to the catastrophe, he must suffer the consequences. (Kennedy v. North Missouri R.R. Co., 36 Mo. 363; Brown's Leg. Max. 201–2; 37 Mo. 549; 36 Mo. 487.)

II. The statute concerning fencing railroads does not authorize a plaintiff to recover when his own negligence contributed to the injury. (Gorman v. Pacific R.R. Co., 26 Mo. 449; March v. New York & Erie R.R. Co., 14 Barb. 365; Corwin v. New York & Erie R.R. Co., 13 N. Y., 3 Kernan, 42; Redf. on Rail. 368, note; Pierce on Rail. 336.)

III. The answer sufficiently set up the negligence of the plaintiff. All that is required is to aver negligence, and on the trial the court will determine whether the evidence offered tends to prove the allegation. (Hann. & St. Jo. R.R. v. Kenney, 41 Mo. 271.)

IV. The claim of damages, on the part of defendant, does not render the answer defective. (Yallaly v. Yallaly, 39 Mo. 490; Kinney v. Muller, 25 Mo. 579.) Under our practice act, defendant may set up as a counter claim any cause of action arising out of the transaction set forth in the petition, as the foundation of plaintiff's claim, or connected with the subject of the action, whether the amount claimed by defendant be liquidated or unliquidated. (Gen. Stat. 1865, p. 659, §§ 12, 13; Ballman v Pierce, 3 Hill, 174; 1 Van Sandford's Plead. 545; 18 Mo. 161; 19 Mo. 125; 30 N. Y. 383; Holzbauer *et al.* v. Heine *et al.*, 37 Mo. 444.) The design of the practice act was to determine all controversies respecting the subject matter of litigation in one action. (Dobin v. Pierce, 2 Kernan, 156, 165.)

*McFerran*, for respondent.

I. Appellant's answer admits negligence on its part in killing respondent's horse, and all the facts constituting defendant's cause of action for unliquidated damages. (Powell v. Hann. & St. Jo. R.R. Co., 35 Mo. 460; West v. Hann. & St. Jo. R.R. Co., 34 Mo. 177; Brown v. Hann. & St. Jo. R.R. Co., 33 Mo. 311.)

II. The matter set up in appellant's answer cannot be pleaded in bar, or as a set-off, or as recoupment, or as a counter claim, or defense. (1 Chit. Plead. 555, 599; 13 Mo. 517; House v. Marshal, 18 Mo. 368; Nelson v. Johnson, 25 Mo. 430; Grand Lodge v. Knox, 20 Mo. 433; Hall v. Clark, 21 Mo. 415; Pratt v. Menkins, 18 Mo. 158; Brake v. Corning, 19 Mo. 125; Johnson v. Jones, 16 Mo. 494.)

III. Appellant's answer fails to set up any facts constituting negligence in the respondent.

HOLMES, Judge, delivered the opinion of the court.

This was a suit under the statute (Gen. Stat. 1865, ch. 63, p. 343) for damages in killing a horse of the plaintiff which had got on the track of the railroad, and was run over by the locomotive and train, in a part of the road that was not inclosed by a lawful fence, and was not at the crossing of a public highway.

The answer contained no specific denial of the allegations of the petition. It merely alleged that the plaintiff carelessly and negligently turned the animal out upon the uninclosed lands adjoining the railroad, and that by means of that act of gross negligence on the part of the plaintiff the animal got upon the track and was run over, whereby the cars were thrown off the track and injured to the amount of $5,000, and that the injury done to said stock was the same injury mentioned in the plaintiff's petition; and the defendant asked judgment against the plaintiff for that sum as damages.

This answer was stricken out, on motion of the plaintiff; and, the defendant failing to file any further answer, the plaintiff

had judgment by default, which was affirmed on appeal to the Fifth District Court, and the case is now brought by appeal to this court.

This answer contained no special defense to the plaintiff's cause of action, nor was it a counter claim in the nature of set-off. It seems to have been intended as a counter claim existing in favor of the defendant, and against the plaintiff, between whom a several judgment might be had in the action, and as a cause of action arising out of the same transaction, on which the plaintiff's petition was founded. (Gen. Stat. 1865, ch. 165, p. 313.) It was simply a counter claim in the nature of a cross action. (Tiffany's N. Y. Prac. 378.) We think the court below committed no error in striking out the answer. The facts stated in the petition, and the case thus shown against the defendant, stood confessed for want of denial, after specific allegations made. The counter claim, as an independent cause of action arising out of the same transaction, stated no additional facts which, if true, and notwithstanding that the facts stated in the petition stood confessed as true also, would have entitled the defendant to a several judgment against the plaintiff. The negligence alleged against the plaintiff is made to consist only in his turning out the animal upon the uninclosed lands adjoining the railroad, and thus allowing it to get upon the track. In this, he did no more than he had a lawful right to do, according to the previous decisions of this court. (Gorman v. Pacific R.R. Co., 26 Mo. 441; Clark v. Hann. & St. Jo. R.R. Co., 36 Mo. 119.)

He was not bound to keep his cattle within inclosures. He had a right to allow them to range on the open prairie. It is averred that this was done carelessly and negligently. But whether or not a given state of facts and circumstances amount to negligence, or to any proof of negligence, is a question of law. This averment, therefore, so far as it goes beyond a bare statement of the facts themselves, avers a matter of law only, of which the court, and not the party himself, must be the judge. (Callahan v. Warne, 40 Mo. 136; Curry v. Cabliss, 37 Mo. 334.) It is assumed, as a matter of law, that the facts stated raise a presumption of such negligence as would make the

Tarwater v. Hannibal & St. Joseph R.R. Co.

party liable. There is no distinct allegation of such negligence as a main fact, which might be proved by evidence of other facts and circumstances from which it might be inferred by a jury. In the case of The Hannibal and St. Joseph Railroad Company v. Kinney, 41 Mo. 271, the petition alleged that the defendant's mules wrongfully, and by reason of the defendant's negligence, entered upon the track and caused the damage. The particular facts were not stated. On demurrer, the averment was held to be sufficient. The court would not undertake to say by what evidence this averment might be sustained on the trial, and it was said that the question, what circumstances would amount to proof of negligence, or would show negligence, would more properly arise when the evidence should be produced. It was distinctly intimated, also, that if no other evidence of negligence were produced than the mere omission of the party to inclose his cattle, he would not be liable for the damage done to the railroad company by their straying upon the track where no fences were erected. The railroad company may be liable in these cases for unavoidable accidents or simple misadventure, but the owner of cattle, in such case, would not be liable. On the other hand, if a person should willfully drive his cattle upon a railroad track, another principle would be involved, for no one can charge another with damages which he has willfully brought upon himself, *volenti non fit injuria*. (Corwin v. N. Y. & Erie R.R. Co., 3 Kernan, 42.) And accordingly the statute has provided that if any person shall ride, lead, or drive any horse or other animal upon such road, and within such fences and ground, other than a farm, crossing without the consent of the corporation, he shall, for every such offense, forfeit and pay a sum not exceeding ten dollars, and shall also pay all damages which shall be sustained thereby on the part of the aggrieved. (Gen. Stat. 1865, ch. 63, § 43.) The same general principle would be applicable if the same thing were done where there were no such fences.

Judgment affirmed. The other judges concur.