WILLIAM A. McNEES, Respondent, v. MISSOURI PACIFIC RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, May 10, 1886.

1. PLEADINGS—SUFFICIENCY OF AVERMENTS—MOTION TO ELECT—CASE ADJUDGED.—When the averments of a petition allege everything material to the plaintiff's cause of action, this is sufficient. It is not necessary to set out the evidence in the petition, nor to state the facts or circumstances, by which the contract, which is alleged, could be proved ; nor to allege matters which are immaterial to the matter in controversy. Nor should the trial court require the plaintiff to elect, where all the matters alleged, although stated separately, constitute together but one cause of action.

2. CONTRACT — WHAT IS AND WHAT IS NOT DISCRIMINATION IN FREIGHTS—CASE ADJUDGED.—Where the object of the contract, made by a railroad company, as in this case, was not to discriminate against any one, but simply to give to plaintiff a rate less than the fixed and regular rate. this was not illegal. To charge one a rate less than the regular fixed rate is not discrimination. But to charge one a higher rate than the lowest rate given to any one else, under certain circumstances, is discrimination. No discrimination or distinction whatever was made, or attempted, by the contract pleaded in this case, and the demurrer to the petition, on the ground, among others, that the contract was illegal because of such discrimination, was properly overruled.

APPEAL from Pettis Circuit Court, HON. JOHN P. STROTHER, Judge.

*Affirmed.*

Statement of case by the court.

The original petition in this case was, in all respects, the same as the amended petition hereinafter set out in full, with one exception. The original petition alleged that the contract sued on was made "prior to the first day of July, 1882 ;" the amended petition alleged that the contract was made "on, or about, the first day of July, 1882."

The amended petition was as follows:

"Plaintiff, for his amended petition, states that the defendant on the first day of July, 1882, long prior thereto, ever since that time, and now, was, and is, a corporation duly and legally incorporated as such by law, and as such authorized to sue and be sued, plead and be impleaded in all the courts in this state.

"That the business of said corporation was, and is, the running and operation of the Missouri Pacific Railroad, its branches and divisions, and the business of said corporation was, and is, that of a common carrier of freights and passengers, said railroad running and extending from St. Louis, in the state of Missouri, to Atchison, in the state of Kansas, through the towns of Smithton, Dresden, La Monte, and Sedalia, in the state of Missouri; and also the railroad running and extending from Hannibal, in the state of Missouri, to Fort Scott, in the state of Kansas, known as the Kansas & Texas Division of the Missouri Pacific Railway, through the towns of Clifton, Beaman, Camp Branch, Green Ridge, Windsor, and Pleasant Green, Pilot Grove, and Harris, in the state of Missouri, and, also, what is known as the Lexington Branch of said railway, running and extending from Sedalia, in the state of Missouri, to Lexington, in said state.

"Plaintiff states that from the first day of July, 1882, to January 1, 1883, he engaged in the business of buying oats and wheat, and shipping the same to the St. Louis market, and there selling the same; that *on, or about* (prior to, before amendment), the first day of July, 1882, plaintiff made a contract with defendant, whereby defendant agreed to carry wheat and oats, in 'car lots,' for plaintiff, in its freight cars, from various stations on its said railroad, divisions, and branches thereof, to St. Louis, at reduced, or, what is termed special rates, the same being lower than the tariff rates; that said contract was to apply to all wheat and oats shipped by plaintiff,

on defendant's said railroad, its divisions and branches, embraced in the following territory, to-wit:

"On all the wheat and oats shipped on the Missouri Pacific main line from Tipton, Moniteau county, Missouri, to La Monte, Pettis county, Missouri, inclusive, and on the Kansas & Texas division, from Pilot Grove, in Cooper county, Missouri, to Clinton, in Henry county, inclusive, and on the Lexington branch, from Sedalia to Brownsville, in Saline county, Missouri, inclusive, it being understood that plaintiff, in order to have the benefit of such reduced, or special, rates, was to ship only in 'car lots,' pay the full price of a car load, to-wit:

"Twenty thousand (20,000) pounds, whether the car contained so much, or less, and was to ship a large quantity of wheat and oats over said railroad, during the continuance of said contract; that at the time said contract was made, and during its continuance, the 'tariff rates' for shipping wheat from La Monte, Sedalia, Smithton, Dresden, Hughesville, Houstonia, and Clifton, on defendant's said railroad, divisions, and branches, to St. Louis, was as follows, to-wit:

"Twenty (20) cents per one hundred (100) pounds for wheat, and seventeen and one-half (17 1-2) cents per one hundred (100) pounds for oats ; and from Beaman, on the Kansas & Texas division of said railroad, to St. Louis, twenty-two and one-half (22 1-2) cents per one hundred (100) pounds for wheat, and twenty (20) cents per one hundred (100) pounds for oats ; and from Pleasant Green, Pilot Grove, and Harris, on said division, to St. Louis, seventeen and one-half (17 1-2) cents per one hundred (100) pounds for wheat, and fifteen (15) cents per one hundred (100) pounds for oats ; and from Windsor and Green Ridge, on said division, to St. Louis, twenty-two and one-half (22 1-2) cents per one hundred (100) pounds for wheat, and twenty (20) cents per one hundred (100) pounds for oats.

"Plaintiff states, that by the terms of said contract, he was to pay to defendant's agents the 'tariff rates,'

and receive back from defendant a 'rebate,' or so much per one hundred (100) pounds on all wheat and oats shipped during the continuance of said contract, to be paid back at the termination of each month, until the expiration of said contract; that by the terms of said contract, defendant agreed to return to plaintiff a 'rebate,' and to pay back and return to plaintiff, at the end of each month, on all wheat shipped from La Monte, Sedalia, Dresden, Smithton, Hughesville, Houstonia, and Clifton, and Pilot Grove and Harris, on defendant's railroad, to St. Louis, between the first day of July, 1882, and the thirty-first day of December, 1882, two (2) cents per one hundred (100) pounds, and two and one-half (2 1-2) cents per one hundred (100) pounds on all oats shipped from said last named points, to St. Louis. And defendant agreed to return to plaintiff a 'rebate,' and to pay back and return to plaintiff, at the end of each month, on all wheat shipped from Beaman, on defendant's said railroad, to St. Louis, during said time, four and one-half (4 1-2) cents per one hundred (100) pounds, and five (5) cents per one hundred (100) pounds on all oats shipped from said place. And defendant agreed to return to plaintiff a 'rebate,' and to pay back and return to plaintiff, at the end of each month, on all wheat shipped from Pleasant Green, Green Ridge, and Windsor, on defendant's said railroad, to St. Louis, during said time, two (2) cents per one hundred (100) pounds, and on all oats so shipped within said last named date, five (5) cents per one hundred (100) pounds.

"Plaintiff states that from the first day of July, 1882, to the thirty-first day of December, 1882, inclusive, he shipped from Smithton, Dresden, La Monte, Sedalia, Houstonia, Hughesville, and Clifton, over defendant's said railroad, to St. Louis, four millions, seven hundred and forty thousand, six hundred and seventy (4,740,670) pounds of wheat, for which he paid defendant the sum of nine thousand, four hundred and eighty-one dollars, and thirty-four cents ($9,481.34), and is therefore entitled,

under said contract, to recover from defendant a 'rebate,' and to receive back nine hundred and forty-eight dollars and thirteen cents ($948.13); that during said time plaintiff shipped from said last named points, over defendant's said railroad, to St. Louis, two millions, four thousand, one hundred and seventy-five (2,004,175) pounds of oats, for which plaintiff paid to defendant, at 'tariff rates,' three thousand, six hundred and twenty-nine dollars, and six cents ($3,629.06), and is, under, and by the terms of said contract, entitled to recover back from defendant, the sum of six hundred and twenty-nine dollars and six cents ($629.06).

"Plaintiff states, that during said time, plaintiff shipped from Beaman, over defendant's said railroad, to St. Louis, three hundred and thirty-five thousand, three hundred and sixty (335,360) pounds of wheat, for which plaintiff paid defendant, as freight, seven hundred and fifty-four dollars and forty-six cents ($754.46), and is entitled to recover of defendant a 'rebate,' and to receive back, under said contract, one hundred and fifty dollars and eighty-three cents ($150.83), and during said time plaintiff shipped from said Beaman, over defendant's said railroad, to St. Louis, five hundred and sixty-three thousand, seven hundred and twenty-five (563,725) pounds of oats, for which plaintiff paid defendant, as freight, five hundred and twenty-seven dollars and forty-six cents ($527.46). Plaintiff is, therefore, entitled to receive back from defendant, as a 'rebate,' the sum of one hundred and thirty-one dollars and ninety cents ($131.90).

"Plaintiff states, that during said time he shipped from Windsor and Green Ridge, over defendant's railroad, to St. Louis, twenty thousand (20,000) pounds of wheat, for which he paid defendant, as freight, forty-five dollars ($45.00), and is entitled, under said contract, to receive back from defendant, as a 'rebate,' and to receive back from defendant four dollars ($4.00).

"Plaintiff further states, that during said time he shipped from Green Ridge, over defendant's said rail-

road, to St. Louis, twenty thousand, five hundred (20,500) pounds of oats, for which plaintiff paid to defendant, as freight, forty-one dollars ($41.00), and is entitled to receive back from defendant, as a 'rebate,' the sum of ten dollars and twenty-five cents ($10.25).

"Plaintiff states that, during the continuance of said contract, he shipped from Pilot Grove and Harris, on defendant's said road, to St. Louis, three hundred and thirty-nine thousand, nine hundred and ninety ($339,990) pounds of wheat, for which he paid defendant, for freight, at tariff rates, four hundred and nineteen dollars and ninety-two cents ($419.92), and is entitled to recover back from defendant forty-seven dollars and ninety-eight cents ($47.98), as such rebate.

"Plaintiff states that he has fully performed and carried out the said contract on his part, in all respects, but defendant has refused, and still refuses, to carry out its part of said contract.

"Plaintiff states that under, and by the terms of, said contract, he is entitled to recover of and from said defendant, the sum of two thousand, one hundred and ninety-five dollars and one cent ($2,195.01). That he first demanded the same on the twentieth day of July, 1883, and at divers times since that date, but that defendant has wholly neglected and refused to pay the same, or any part thereof, and still refuses. Wherefore plaintiff prays judgment for said sum of two thousand, one hundred and ninety-five dollars and one cent ($2,195.01), with legal interest from said twentieth day of July, 1883."

The defendant filed the following motion:

"Now comes defendant, by its attorneys, and moves the court to make an order requiring the plaintiff to make his amended petition more definite and certain in this:

"*First.* That he be required to state the date the alleged contract with defendant was made, whether the same was in writing or verbal; by what particular officer, or agent, of defendant it was made, and for what length

of time the same was to continue in force, and to what particular points or stations the same was to apply.

"*Second.* That plaintiff be required to state specifically the number of car loads of wheat and oats shipped by him from the first day of July, 1882, to the thirty-first day of December, 1882, from each of the said stations of Smithton, Dresden, La Monte, Sedalia, Houstonia, Hughesviile, Clifton, Beaman, Windsor, Green Ridge, Pilot Grove, and Harris, over defendant's railroad, to St. Louis, and the exact date of each particular shipment made by him from each one of said stations during said time, for the reason :

"That the allegations of plaintiff's said petition in respect to each and all of said matters are too general, indefinite, and uncertain, to put this defendant on defence thereto."

The court sustained said motion so far as to require the plaintiff to state the date of the contract declared upon, and denied it in all other respects. In accordance with the order of the court, the petition was amended, as before stated.

The defendant filed a motion asking the court to require the plaintiff to elect upon which one of the several alleged causes of action, contained in his amended petition, he would go to trial, and to strike out the remainder of said alleged causes of action.

The ground of the motion was, "that said petition contains several alleged causes of action improperly united and mingled in one count."

The court denied the motion.

The defendant then demurred to the petition. The ground of the demurrer, relied upon in this court, is, "that the plaintiff's amended petition does not state facts sufficient to constitute a cause of action."

The court overruled the demurrer. The defendant refused to plead further, or to participate in the trial of the case.

Shirk & Portis, with Thomas J. Portis, for the appellant.

I.   The court should have sustained defendant's motion to compel plaintiff to make his petition definite, not only as to the *date of the contract*, but as to the other matters in said motion set forth, to-wit:   (1) Whether the contract was verbal or in writing.   (2) By what particular officer, or agent, the same was made.   (3) For what length of time the same was to continue.   (4) To what particular stations the same was to apply.   (5) The number of car loads of wheat and oats shipped.   (6) The date of shipments from each of said stations.   This motion was the *only* means to obtain a statement of plaintiff's cause of action sufficiently certain to be enabled to meet it.   Bliss on Code Pleading, sect. 425, p. 514, note 1 ; *Hay v. Short*, 49 Mo. 139 ; *Chicago v. Railroad*, 27 Minn. 109 ; *Penna Co. v. Dean*, 92 Ind. 459 ; *Addison v. Railroad*, 48 Mich. 155.

II.   The court should have sustained defendant's motion to compel plaintiff to elect upon which one of the several alleged causes of action he would go to trial. Certainly, the refusal to pay the alleged rebate at the end of each month, constituted a separate cause of action. *Stevens v. Judy*, 49 Mo. 227 ; *Otis v. Mechanics' Bank*, 35 Mo. 128 ; *Christal v. Craig*, 80 Mo. 367.

III.   The demurrer should have been sustained, because:   (1) There was *no consideration* for the contract alleged in the petition.   (2) The consideration attempted to be alleged is illegal.   (3) The defendant had no power to make the contract set forth in the petition, the same being in contravention of law.   Rev. Stat., sect. 821 ; Rorer on Railroads, p. 935, paragraph 1, and cases cited. "Discriminations in the rates of freight charged to shippers based *solely on the amount of freight shipped* * * * are* contrary to public policy and illegal." *Hays v. Penna Co.*, 12 Fed. Rep. 309.

IV.   Defendant being a corporation, that can only transact its business through many officers and agents, the rule as to certainty concerning the authority to make contracts, applicable to individuals, does not apply.

GEO. P. B. JACKSON, for the respondent.

I.   The contract alleged was not required to be in writing, and if so required, yet the allegation was sufficient. *Miles v. Jones*, 28 Mo. 87 ; *Gardner v. Armstrong*, 31 Mo. 536.   It is not necessary to *allege* that a contract was made by an agent, hence not necessary to name any particular agent.  *See v. Cox*, 16 Mo. 166 ; *Sanders v. Anderson*, 21 Mo. 402 ;  Bliss on Code Pleading, sect. 207. The petition is more specific as to dates and stations, and number of car loads of freight, and the *quantity by weight*, than it need be, and the tariff rates and the amount of rebates are *specifically* set forth as to such stations.   Moreover, these are all matters which lie *more in the knowledge* of the defendant than of the plaintiff, and the allegations were made with as much particularity as the nature of the facts would conveniently admit of. Bliss on Code Pleading, sect. 309.

II.   The motion to compel plaintiff to *elect* was properly overruled.   There was but one cause of action. There was but one contract.   The amounts of the rebate on the shipments from the several stations were but items of the aggregate amount due upon the whole contract. Bliss on Code Pleading, sect. 128.

III.   The demurrer was properly overruled.   The petition alleges a sufficient consideration for the rebate, in the statement that it was to be paid on account of the quantity of grain to be shipped, and the obligation of the plaintiff to pay for full car loads, although the cars did not contain so much.   The alleged consideration was not illegal, nor was the contract void as against public policy.   Revised Statutes, section 821, does not prohibit such a contract as the one sued on.   Nor is the contract

against public policy under the common law. See authorities cited by appellant. Also, Rorer on Railroads, 1227, 1375; *Stewart v. Railroad*, 38 N. J. 505; *Tow Boat Co. v. Railroad*, 24 La. Ann. 1; *Railroad v. Gage*, 12 Gray (Mass.) 393; *Railroad v. Elliott*, 76 Mo. 67.

IV. Revised Statutes, section 821, *does not apply* to a person situated as the plaintiff was. Its object is to prevent discrimination between those who make a business of transporting for others and the individual shippers. It only prohibits a *discrimination*, but not a *reduction* from the tariff rate. It does not mean that the railroad company must charge each shipper as high as the highest, but, at most, that it must not charge any one higher than the lowest. *Stewart v. Lehigh Valley Railroad, supra; Tow Boat Co. v. Railroad, supra; Railroad v. Gage, supra.*

## I.

HALL, J.—The court properly denied the motion to make the petition more certain and definite. The petition alleged everything material to the plaintiff's cause of action. That was sufficient.

It was immaterial whether the contract alleged in the petition was verbal or written. The contract was alleged. That allegation would have been sustained by proof of either a verbal or a written contract. It was not necessary to set out the evidence in the petition.

It was not necessary to allege in the petition that the contract was made by the defendant through an agent, or who that agent was. The allegation that defendant made the contract was sufficient. It was not necessary to state the facts or circumstances by which the contract would be proved. *See v. Cox*, 16 Mo. 166; *Saunders v. Anderson*, 21 Mo. 402; Bliss on Code Pleading, sect. 207.

It was alleged that the contract continued for the period of time named in the petition, from July 1, 1882,

to December 31, 1882. It was immaterial whether the contract did or did not continue beyond that time. It was not necessary, therefore, to allege for what length of time the contract was to continue.

It was alleged that the contract applied to the stations on defendant's railroad named in the petition. It was immaterial whether the contract did, or did not, apply to other stations. Therefore, it was not necessary to allege all the stations to which the contract applied.

It was not necessary to allege the number of car loads of wheat and of oats shipped by plaintiff from any of the stations named in the petition. The number of car loads might have been material in ascertaining the amount due for freight from plaintiff to defendant, but it was wholly immaterial, so far as concerned the amount of drawback or rebate to which plaintiff was entitled. That depended upon the number of pounds of grain actually shipped by plaintiff, because the rate of rebate was so much per hundred pounds on grain shipped. This action was brought to recover such rebate.

It was alleged that the grain was all shipped between July 1, 1882, and December 31, 1882. We can see no reason for any greater particularity in the allegations of the petition as to the dates of the shipment. Besides, that matter was peculiarly within the knowledge of defendant. Bliss on Code Pleading, sects. 309, 310.

II.

The court properly denied the motion to elect. There was but one cause of action stated. There was one contract. The amounts of the rebate on the shipments from the several stations were but items of the aggregate amount due upon the whole contract. Bliss on Code Pleading, sect. 118.

III.

The demurrer was properly overruled.

1. The shipment of the grain by plaintiff was a suffi-

cient consideration to support the contract, on the part of the defendant, to return to plaintiff the rebate.

2. The contract was not illegal and void. It was not within the prohibition of Revised Statutes, section 815, or section 821. Neither was it within the prohibition of the common law against any distinction or discrimination being made by a common carrier in favor of one against another. It was not a discrimination against any one for the defendant to agree with plaintiff to charge him less than the regular tariff rates.

The regular tariff rates were fixed and known. By the contract, by means of a rebate, the plaintiff was to be charged less than those rates, but wholly without regard to what others were to be charged. The object of the contract was not to discriminate against any one, but was simply to give to plaintiff a rate less than the fixed and regular rate. By the contract no discrimination was made between the plaintiff and others. Under the contract, the defendant might not only have charged every one the same rate given to plaintiff, but even a rate less than that rate. To charge one a rate less than the regular fixed rate is not discrimination. But to charge one a higher rate than the lowest rate given to any one else, under certain circumstances, is discrimination. Rorer on Railroads, 1227, 1375; *Stewart v. Lehigh Valley Railroad*, 38 N. J. 505.

Revised Statutes, section 821, would seem to have no application to this case. Revised Statutes, section 815, seems to cover this case. It is sufficient to say, however, that no discrimination or distinction whatever was made or attempted by the contract pleaded.

The judgment is affirmed. All concur.