## G. H. HAAKE, Respondent, v. G. H. DULLE MILL-ING: COMPANY, Appellant.

### Kansas City Court of Appeals, December 31, 1912.

1. **NEGLIGENCE: Instructions. Misconduct of Counsel.** Plaintiff sued for damages for personal injuries received while oiling the defendant's machinery. The evidence showed that plaintiff had to climb a ladder and pass one arm through a belt, which had been spliced and at one place was worn and frayed. The roughened and frayed edges of this belt caught on his sleeve and he was jerked over the pulley and was severely injured. Plaintiff's instruction regarding medical expenses incurred was not limited as in his petition and the inflammatory remarks of plaintiff's counsel during the argument were unrebuked. It is held that both of these matters constituted reversible error.

2. ————: **Damages: Instructions.** A party is bound by the limits he places in his petition regarding the element of his damages and an instruction is erroneous and prejudicial in ignoring this restriction and enlarging the scope of the recoverable damages. This error cannot be cured by a remittitur because the influence that this error had on the jury cannot be determined.

3. **COURTS, DUTY OF: Misconduct of Counsel: Impassioned and Extrinsic Eloquence.** It is the duty of the court to keep impassioned oratory within the limits of the record and not to allow a party to be injured in his rights by his adversary's extrinsic and passionate eloquence.

Appeal from Cole Circuit Court.—*Hon. John M. Williams,* Judge.

REVERSED AND REMANDED.

*Watts, Gentry & Lee* for appellant.

*W. C. Irwin* and *D. F. Calfee* for respondent.

JOHNSON, J.—This is a personal injury suit. Plaintiff had been employed thirty-five years as a laborer in a mill operated by defendant at Jefferson City and was injured when engaged in oiling machin-

168 Mo. App. 12

ery, a task he was required to perform while the machinery was running. He had to ascend a ladder and extend his hand and arm between a moving belt and pulley wheel in order to oil one of the bearings, the oil hole of which could not be seen from his position (which was the only position he could take) and could be found and filled with oil only by use of the tactile sense. The belt had been spliced and at one of such places had become worn and frayed. While oiling this bearing plaintiff's arm necessarily was in close proximity to the belt which was moving rapidly and the roughened and frayed edges of the defective splice caught his sleeve and he was jerked over the pulley wheel and severely injured. His evidence tends to show that he was performing his task in the usual manner and was exercising due care. The specifications of negligence in the petition which find support in the evidence of plaintiff are, first, the failure of defendant to provide a suitable oil can, i. e., a can with a long spout; second, the failure to equip the bearing with an oil-conducting tube that would permit the introduction of the oil without the insertion of the servant's arm in a dangerous place; third, operating a belt which had a defective and dangerous splice and, fourth, the omission to enclose the moving parts of the machinery with a suitable guard.

The answer contains a general denial and pleas of assumed risk and contributory negligence. A trial of the issues resulted in a verdict and judgment for plaintiff in the sum of six thousand dollars and the cause is before us on the appeal of defendant.

The errors assigned by counsel for defendant relate to the rulings of the court in giving instructions numbered 1, 2 and 6, asked by plaintiff and to the alleged misconduct of counsel for plaintiff in the examination of witnesses and in the closing argument to the jury.

The objection to instructions numbered 1 and 2 is that they direct a verdict for plaintiff without requiring the jury to find that the acts of defendant included in their hypothesis were negligently performed or rendered unsafe and dangerous the place where plaintiff was required to work. We rule this point against defendant. The facts the instructions required the jury to find were such as to leave no room for a reasonable difference of opinion respecting the conclusion to be drawn from them. They were wholly incompatible with the inference of reasonable care on the part of defendant, and justified the court in telling the jury that, in effect, such facts would be conclusive proof of defendant's negligence. There was no need to require the jury to declare an act negligent which the law itself would pronounce negligent. [Tarwater v. Railroad, 42 Mo. 193; Yarnall v. St. Louis Railway Co., 75 Mo. 575; Farris v. Railway, 80 Mo. l. c. 329; Keown v. Railway, 141 Mo. 86; Kelley v. Parker-Washington Co., 107 Mo. App. 490; Gessley v. Railway, 26 Mo. App. 156; Zimmerman v. Railway, 71 Mo. 476.]

The sixth instruction given at the request of plaintiff related to the measure of damages and directed the jury to allow him damages for "his necessary expenses for medical attention in endeavoring to be cured" without placing any limit on such allowance or confining it to expenses incurred for medical attention received before the filing of the suit. The petition expressly restricted such damages to $175 in amount and to medical attention received before the institution of the suit. Plaintiff is permanently injured and his evidence tends to support the inference that his expenses for medical services which he has incurred, and with reasonable certainty will incur in the future, on account of his injury are an indefinite amount greatly in excess of that stated in the petition.

Plaintiff is bound by the limits he placed in his petition on this element of his damages and the instruction was erroneous and prejudicial in ignoring this restriction and enlarging the scope of the recoverable damages. [Radtke v. Basket Co., 229 Mo. 1, and cases cited.] The error cannot be cured by remittitur for the reason that the record affords no means for ascertaining the extent of the influence the error had on the minds of the jury.

Defendant complains of misconduct on the part of counsel for plaintiff in persisting in asking leading questions of his witnesses but we find the court sustained the proper objections of defendant to such questions and, as the record shows defendant was content with these rulings at the time they were made, no issue of misconduct on that ground is before us.

But we find the court failed to give proper heed to defendant's objections to improper and highly inflammatory remarks made by counsel for plaintiff in the closing argument to the jury on the subject of the measure of damages. In the course of his argument to the jury counsel said, "How many of you, gentlemen of the jury, would have your arm torn from your body for ten thousand dollars?" And when defendant objected, counsel withdrew the remark. The court, at the request of defendant, told the jury the remark was withdrawn and admonished the speaker to keep within the record. Immediately he repeated the same thought in a slightly different manner and on being again warned by the court to keep within the record, exclaimed that he would do "anything on earth to please this man" referring to the objector, and then, as a climax, said the same thing over again in a more impressive way. This time the court overruled defendant's objection and said the remark was not improper. Defendant excepted to the ruling and has preserved his exception in the record.

The impropriety of the argument is apparent. Of course no man would have his arm torn from his body for ten thousand dollars, or for ten times that sum, but the law does not recognize the abhorrence to dismemberment and disfigurement implanted by nature in every human breast as a thing that should influence the assessment of damages in personal injury cases. The only purpose the speaker had or could have had in making such an argument was to arouse the sympathy and inflame the passions of the jury and coin those emotions into dollars. The rulings of the court, on the whole, merely afforded an opportunity to the speaker to emphasize and aggravate the error. He came out with flying colors before the jury when he. should have been most sternly reprimanded. Due allowance must be made for fervor in advocacy but it is the duty of the court to keep impassioned oratory within the limits of the record and not to allow a party to be injured in his rights by his adversary's extrinsic and passionate eloquence. For the errors noted the judgment is reversed and the cause remanded. All concur.