LESSING *et al.*, Plaintiffs in Error, *v.* AARON SULZBACHER AND ARNOLD SULZBACHER, Defendants in Error.

*Partnership—Pleading—Evidence.*—Where the petition alleges that A. and B. executed a note by the name of A. and thereby promised to pay, &c.; if the execution of the note be denied, evidence that the defendants were partners and that the note was given for partnership purposes will be admissible, without any allegation in the petition that the defendants were partners. If the note be executed in the partnership name, the petition must state who constitute the firm in order to show the liability. (See *supra* Farmers' Bank v. Bayless, p. 428.)

*Appeal from Buchanan Common Pleas.*

*H. M. & A. H. Vories*, for plaintiffs in error.

In order to prove the execution of the note plaintiff had a right certainly to prove that it had been executed by defendant, or by his authorized agent. In order to do so, he offered to prove that this note was executed by his partner (who was his agent) in the regular course of the partnership business and on partnership account; this tended to prove an authority to execute the note, or to prove the execution of the note by said defendant.

This evidence was excluded on the ground that no partnership was alleged in the petition. This was not material; we had alleged that they had executed the note by a certain description; we were not bound to set forth in our petition the means of evidence by which we proposed to prove the fact.

*S. Ensworth*, for defendants in error.

The court below committed no error in excluding the evidence offered on the part of the appellants. The plaintiffs offered the evidence for the purpose of establishing a partnership. When there was no partnership charged in the petition, the testimony was irrelevant. (33 Mo. 100.) If it was necessary to prove a partnership, a partnership should have been alleged, so that the respondent could have admit-

ted it or taken issue on it. The note is made payable to Lessing, Mayer & Co.; the allegations in the petition are that the promise is to plaintiffs. The note does not show that the promise is to the plaintiffs jointly, or either of them, and the note was rightfully excluded.

BAY, Judge, delivered the opinion of the court.

This suit was brought upon a promissory note alleged in the petition to have been executed by the defendants, by the name and style of A. Sulzbacher, whereby they promised to pay, &c. Aaron Sulzbacher alone answers and pleads *non est factum*, alleging that the note is not his act and deed, and that he did not execute the same, nor was it executed by any person for him. Upon the trial of this issue, plaintiff offered in evidence several depositions tending to prove that at the time of the execution of the note, defendants were partners, doing business in the city of St. Joseph, under the name and style of A. B. Sulzbacher & Co.; and further offered to prove by competent witnesses, that defendants were engaged in the drygoods business; that the consideration of the note in controversy was goods purchased for use and benefit of said defendants, which went into the partnership business. The court rejected this evidence upon the ground that the petition did not aver the existence of a partnership between the defendants, whereupon plaintiffs took a non-suit, with leave, &c.

The court having overruled the motion to set aside the non-suit, plaintiffs excepted and sued out their writ of error.

We think the court erred in rejecting the evidence offered. The mere fact that defendants were partners, and that the note was given for goods purchased for the use of the firm, and which both defendants had the benefit of, would not, as decided by this court at the present term in case of the Farmers' Bank v. Bayless et al., be sufficient to establish the execution of the note by both defendants; but they may and probably would be very important as links in the chain of testimony offered for that purpose, and the fact that there is no

averment of the partnership in the petition, presents no objection to the introduction of such testimony.

If the note had been executed in the firm name, it would have become necessary to aver who constituted the firm, in order to fix the liability of the defendants; but the averment here is, that the defendants executed the note in the name and style of A. Sulzbacher, and any fact tending to prove that, may be given. in evidence without being set out in the petition.

With the concurrence of Judge Dryden, the judgment will be reversed and the cause remanded.