———o———

J. C. GATES, *et al.*, Appellants, *vs.* R. E. WATSON, *et al.*, Respondents.

1. *Credit—Partnership, not bound—Partnership—Sale to member on personal credit—Partnership not bound.*—Where one elects to sell goods to a member of a firm on his individual credit, giving no credit to the firm, the co-partners will not be bound even if the goods purchased go into the partnership fund.

2. *Practice, civil—Pleadings—Partnership—When need not be pleaded.*—In an action for goods sold, plaintiff may show without alleging the fact in his pleading that defendant and another were partners and that the contract was made by such other partner for the benefit of the firm in the usual course of business. (Under our statute such contract is both joint and several, and it is not necessary to a recovery, that plaintiff should join all the partners as defendants.)

3. *Partners—Persons not, held as, when.*—In order to bind persons as partners it is unnecessary to show the partnership. It is sufficient to prove that they held themselves out as partners.

*Appeal from Jackson Circuit Court.*

*Karnes & Ess,* for Appellants.

I. The evidence in this case has just as much tendency to prove a partnership as in the case of Rippey vs. Evans, 22 Mo., 157.

II. It was not necessary to allege a partnership in plaintiffs' petition. (See vs. Cox, 16 Mo., 167 ; Lessing vs. Sulzbacher-35 Mo., 445 ; Smith vs. Cook, 31 Md., 174-5 ; Barry vs. Taylor, 1 Pet. 316-7 ; [Opinion of Chief Justice Marshall] Collyer Partn., § 715 ; Pars. Partn., 178.)

*J. Brumback and Gage & Ladd,* for Respondents.

I. The court committed no error in refusing to permit the witness Kendall to answer the question. "state whether you sold these goods on the faith of Watson's representations to your firm, that he and Huskins were going in with Hanway." The representation was that defendants were going in with Hanway; not that they were in, or were partners; the representation at most, was nothing more than that of a prospective partnership. The goods were sold to Hanway, charged to Hanway, Hanway's note taken for them; a settlement of the claim attempted to be made by these plaintiffs in conjunction with other creditors by acceptance of a deed from Hanway to be followed by a release from the debt, and finally, the note was proved as a claim against the estate of Hanway in bankruptcy.

II. The proof did not make out the case stated in the petition. The petition counted on a sale of goods to the defendants, Watson and Huskins alone. The proof offered was of a sale to an alleged partnership composed of Watson, Huskins, and Hanway and not of the case stated nor any part of it. The case pleaded was a transaction to which Hanway was not a party. The case proved, was at best, a transaction to which Hanway was ostensibly, and on the face of it, the only party on one side.

In a case of this nature, when the fact of a partnership must be proved to warrant a recovery, that fact is essential and must be pleaded. The fact is not mere evidence, that should not be pleaded, but the substantive ground of recovery to be established by the evidence. To tolerate the omission of such an essential fact from the petition, would put it in the power of a plaintiff to set traps for a defendant, and lead to great abuses. (Jones vs. Fuller, 38 Mo., 363; Forrester vs. Kirkpatrick, 2 Min., 210; Irvine vs. Myers, 4 Minn., 229.)

III. Having with full knowledge of all the facts, dealt with and trusted and given credit to Hanway alone, they could not as a matter of law on the facts proved recover against defendants below. The Circuit Court rightly ruled that no case was made out by the evidence. (Farmers' Bank vs. Bayless, *et al.* 35 Mo., 428, and authorities cited therein.)

VORIES, Judge, delivered the opinion of the court.

This is an action to recover the price of goods alleged to have been sold and delivered by the plaintiffs to defendants. The petition states that the plaintiffs were partners, and as such sold and delivered goods to defendants; and is in the usual form. The answer of the defendants fails to deny that the plaintiffs were partners, but denies all other allegations in the petition, a trial was had before a jury. On the trial the evidence tended to prove that plaintiffs were partners engaged in selling boots and shoes in Kansas City, Mo.; that in the fall of the year 1868, defendants were engaged as partners in the dry goods business at Wyandotte, in Kansas; that at said time one S. B. Hanway came to the store of plaintiffs and wanted to purchase goods of the plaintiff on credit; that the plaintiffs refused to sell Hanway goods on credit; that Hanway applied to plaintiffs at different times to purchase goods on credit, but that plaintiffs positively refused to sell. The plaintiff then offered to prove a partnership between the defendants and S. B. Hanway. This evidence was objected to by the defendants on the ground that no such partnership was charged in the petition. The court admitted the evidence of partnership, subject to be passed on and determined by instructions to be given by the court at the conclusion of the plaintiffs' evidence. It was then shown by the evidence that the goods sued for were sold by plaintiffs at the time and for the price named in the petition; that the charge made in the books for the goods was made against Hanway; that after plaintiffs refused to sell goods to Hanway, defendant Watson came to plaintiffs' store and said to plaintiffs that he and Huskins were going in with Hanway and were going to take the goods down to the Indian country to trade for cattle and stock, and that it would be all right. Watson said they were going to take the goods by teams to the Indian country; that Hanway was an old experienced cattle trader; that Huskins was going along with him to do the financeering; that the cattle were to be sent up to Kansas City and that he, Watson, was to have the management at that end of the line, and sell the cattle.

The witness was then asked whether he had sold the goods on the faith of Watson's representations, that he and Huskins were going in with Hanway. This question was objected to and excluded on the ground that it was immaterial and irrelevant, and the plaintiffs excepted. The witness then stated that the goods were delivered to Hanway loaded in wagons and hauled off; that he never personally demanded payment for the goods of Watson and Huskins, or presented them the account. It was further proved, that at the time these goods were sold, Hanway was indebted to plaintiffs on an old account; that defendant Watson, afterwards paid them five hundred dollars on Hanway's old account; that after the talk with Watson the goods were sold and delivered to Hanway, and that plaintiffs took Hanway's note for the price of the goods and afterwards proved up said note against Hanway's estate in bankruptcy, and that Hanway was at that time in the State of Texas; that Watson has been residing in Kansas City since the sale of these goods, that no account has been made out against defendant for these goods until the account was made out for the purpose of bringing this suit; that Hanway had conveyed a tract of land in Kansas to plaintiff Gates, for the benefit of plaintiffs and other creditors.

One E. A. Phillip testified that in the fall of 1868, he was a member of the firm of Plant & Co. in Kansas City, that he knew defendants and J. B. Hanway; that in November 1868, Hanway came to witness' firm and wanted to purchase goods of them on credit; that they refused to sell him the goods; that defendant Watson then came to witness and stated, "we are going in with Mr. Hanway." He gave no name as to who were meant by "we;" that witness traded in wagons; that defendants and Hanway took a stock of goods south to the Indian country; that Watson wanted witness to let Hanway have a certain number of wagons, by paying only part for them at the time, less than witness was willing' to take. Watson said we are going in with Hanway and would see that he got his pay. He made a statement of what they proposed to do. He said they would take a stock of goods to the Indian country

and that Hanway was to trade them for cattle. Watson and Huskins were to have the disposal of the cattle and handling the proceeds. Witness than sold and delivered the wagon to Hanway, and Watson and Huskins afterwards paid witness one thousand dollars on an old debt of Hanway. Watson also said that Huskins was going down with him, Hanway, to dispose of the goods. Another witness testified that Watson about the same time told him that they were going to close out in Wyandotte and take the goods to the Indian country, and that they wanted more goods to fill up the stock; that he sold them goods and charged them to Watson and Huskins; that Watson afterwards came to witness to get him to change the charge as to part of the goods and charge them to Hanway, which was done. Watson said he had a special reason for wanting the change on the charge, saying it would be all the same; Watson selected the goods, Hanway not being present.

This was substantially the evidence in the case. At the close of the plaintiffs' evidence the court instructed the jury as follows: "The jury are instructed that on the pleadings and evidence in this case the plaintiffs cannot recover." After the giving of this instruction the plaintiffs suffered a non-suit with leave to move to set the same aside, which motion having been made and overruled by the court, the plaintiffs appealed to this court.

During the examination of one of the plaintiffs as a witness on the trial of the cause, he was asked whether he had sold the goods on the faith of Watson's representations that he and Huskins were going in with Hanway. This question was excluded by the court, and the exclusion of this evidence is assigned as error in this court. This evidence would tend to prove that the credit was not given exclusively to Hanway on his individual account, and might be material, if the other evidence in the case should be held to be sufficient to prove a partnership, between Hanway and the defendants, and that the goods were purchased for the use of the partnership. Yet in a case like this where some of the evidence tended to show that

the credit was given to Hanway and not to the partnership the evidence excluded might be very material; for notwithstanding the existence of the partnership which was known to plaintiffs if they had elected to sell the goods to Hanway upon his individual credit giving no credit to defendants, the defendants would not be bound, even if the goods purchased had gone into the partnership fund. (Farmers' Bank vs. Bayless, *et al.*, 35 Mo., 428.) The evidence would therefore be material to contradict the idea that the credit was exclusively given to Hanway. The instruction given by the court assumes that no legal evidence had been introduced in the case tending to prove the plaintiffs' cause of action. Whether this instruction is right or wrong will depend somewhat on the further question, which is presented by the record, viz: whether evidence tending to prove that a partnership existed between Hanway and defendants in reference to the goods purchased, could be legally admitted in the case, no partnership having been alleged in the petition? The petition simply charges that the goods were sold and delivered to the defendants. This allegation the plaintiff attempted to prove by showing that the defendants and Hanway were partners, and that the goods were sold to Hanway for the benefit of the firm. This it is insisted by the defendants cannot be done. They insist that the existence of the partnership is a substantive and material fact, and that in order to a recovery against the defendants, the partnership must be averred, and the defendants sued as partners, or no evidence is admissible to prove the partnership. At common law, when part only of the members of a partnership were sued on a partnership contract, the partner sued might plead the non-joinder of the other partners in abatement. But our statute makes all such contracts joint and several, and a person having a demand against a partnership, under our statute may sue any partner or all of the partners at his election. In such case he may aver that the contract sued on is the contract of the defendants; and to prove this averment he may show that the contract was made by the parties sued through an agent authorized to make it

for the defendants, or, what is the same thing, he may show that the defendants and another were partners, and that the contract was made by such partner for the benefit of the firm, in the usual course of their business. A party is not bound, in his pleading, to set forth the evidence by which he proposes to make out his case. (See vs. Cox, 16 Mo., 166; Lessing vs. Sulzbacher, 35 Mo., 445.) Jones vs. Fuller, 38 Mo., 363, referred to by the defendants, when properly understood does not conflict with this view of the law.

The only remaining question to be considered is, does the evidence in the case tend to prove a partnership between Hanway and defendants in the goods purchased? It seems to me that the evidence strongly tends to prove the partnership. It is true that the particular terms of the partnership are not shown; nor does the evidence tend to show them, nor is it necessary that it should do so. It is sufficient if the evidence tends to prove that the defendants, held themselves, out to plaintiffs and others, as partners in the particular transaction. The evidence in this case is very similar, to the evidence in the case of Rippey vs. Evans, 22 Mo., 157, where it was not only held to be evidence of a partnership, but that it was sufficient after verdict. In this case the evidence not only tends to prove a partnership on the one hand, but portions of the evidence tend to prove, that the credit was given to Hanway only. Both of these questions should have been submitted to the jury under proper instructions.

The judgment will be reversed, and the case remanded. The other judges concur.