| 63 | 371 |
|----|-----|
| 39a | 96 |
| 63 | 371 |
| 46a | 334 |
| 63 | 371 |
| 52a | 363 |
| 63 | 371 |
| 55a | 558 |
| 63 | 371 |
| 83a | 394 |

LOUIS STIX, *et al.,* Respondents, *vs.* A. B. MATHEWS, *et al.,* Appellants.

1. *Bills and notes—Phrase "value received"—Negotiability without—Evidence touching determined by place of payment and execution.*—Under the laws of Missouri a promissory note not on its face expressed to be "for value received," is not negotiable and not competent as evidence for like purposes as negotiable paper. But a note made in another State, and there to be executed and paid, is to be governed by the rules of evidence of that forum, and a note there negotiable without those words, is so competent on trial had in Missouri.

2. *Practice, civil—Partnership—Evidence—Pleading.*—Evidence is admissible to show partnership of defendants, without an averment of partnership in the petition.

3. *Practice, civil—Probata and allegata notes and protest when competent evidence.*—Where a note was made payable at the "Bedford Bank, Lawrence County, Indiana," and the petition so alleged, and further stated that, on presentment at that place, payment was refused by the cashier of "the Branch at Bedford of the Bank of Indiana, said bank being the place where the said notes were payable," and the answer did not deny that "the Branch at Bedford of the Bank of Indiana," was the same bank where said notes were payable, there was held to be no variance in the petition which would preclude the introduction in evidence of the notes, or of the protest certifying such presentment.

4. *Notice of protest inclosed to last indorser not sufficient to hold prior indorser—Notice may be proved aliunde, how.*—In order to hold prior indorser it is not sufficient that notice of dishonor be given to the last indorser, and that like notices for the prior indorsers are inclosed to him. The evidence should show that each prior indorser designed to be held was himself duly notified. Such notice may, however, be proved by circumstances *aliunde,* such as that, after protest the indorser paid or promised to pay part of the debt, or admitted that he continued liable for it.

*Appeal from Jackson Special Law and Equity Court.*

*Ermine Case, Jr.*, for Appellants.

I. The notes are not alleged to be negotiable, and are really on their face non-negotiable, nor are such facts charged as will bind assignors of non-negotiable paper.

II. Defendants are not alleged to be partners. There is a variance between the allegations and the note, as to the place of demand. The "Branch at Bedford of the Bank of the State of Indiana," and the "Bank of Bedford, Lawrence county, Indiana," are two very different places.

No proper demand was made. The notes appear to be protested at the "Branch of Bedford of the Bank of the State of Indiana," whereas the notes are all made payable at the "Bedford Bank, Lawrence county, Indiana."

*White & Titus*, for Respondents:

I. The notes sued on are negotiable promissory notes, according to the laws of the State of Indiana, where they were executed and made payable, and where their indorsement by defendants occurred, and the law of the place of contract governs as to the construction of their terms and legal effect. (2 Ind. Stat. ch. 6, §§ 1, 6, 16 ; 2 Pars. Bills [1 ed.], 317, *et seq.* ; 2 Pars. Cont. [5 ed.], 583 *et seq.* ; Price vs. Page & Bacon, 24 Mo. 65 ; Boulden vs. Page & Bacon, 24 Mo. 594.)

II. It is unnecessary, in order to recover against defendants, to allege that they are partners. (Gates vs. Watson, 54 Mo. 585, and cases cited.)

III. There was no variance between the notes and the allegations in the petition. The bank at which all the notes were alleged to be payable, is the same bank at which they were respectively made payable, and said facts are admitted to be true, by the failure of defendants to deny the same. (Bank of the State of Mo. vs. Vaughan, 36 Mo. 93.)

IV. The certificates and affidavits of protest were also properly read in evidence, the same reason for their admission applying as in case of the notes. (Jarvis vs. Garnett, 39 Mo. 268.)

NORTON, Judge, delivered the opinion of the court.

This is a suit brought by plaintiffs against defendants, as indorsers on five negotiable notes.

There are five counts in the petition, in each of which it is alleged that the notes were payable to defendants, and by them indorsed to one Sloan, and by Sloan indorsed to plaintiffs ; that four of said notes were made payable at the bank in Bedford, Lawrence county, Indiana ; that they were negotiable notes, and were duly protested for non-payment, of which due notice was given the defendants ; that the makers of said notes were non-residents of the State, and that payment of said notes was demanded of defendants and payment refused.

Defendants, by answer, deny the transfer of said notes, the protest and notice of the same, or that they were negotiable.

On the trial the defendants objected to the introduction, as evidence, of the notes set out in the petition, on the ground that they were not negotiable, for want of the words "value received ;" also upon the ground that the petition did not charge that the defendants were partners, and that there was a variance between the notes and the allegations of the petition, and because there was no averment that the notes were due.

The notes offered in evidence were not negotiable under the laws of this State, for the reason assigned by defendant, and if they had not shown on their face that they were payable in the State of Indiana, and the evidence which had already been introduced had not shown that they were not only made in Indiana, but were to be executed there, the objection to their introduction as evidence might well have been sustained. But it is well settled that a contract made in one State, and to be there executed, is to be construed according to the laws of that State. (2 Pars. Cont. 586.) The notes upon their face showing that they were to be paid in Indiana; and the statement of the witness that they were made in Indiana, subjects them to the operation of the above rule. Applying the 6th section of chapter 6, vol. 2, Statutes of Indiana to the notes in question, they come within the rules governing negotiable paper. The language of the act is ; "Notes

payable to order or bearer in a bank in this State, shall be nego-
tiable as inland bills of exchange, and the payees and indorsees
thereof may recover as in case of such bills."

The objection to the introduction of the notes, because they
were indorsed respectively, "S. S. Matthews &. Bro.," "Mat-
thews & Bro." and "Matthews & Hill," and there was no partner-
ship averred in the petition, was properly overruled.  The prin-
ciple that evidence is admissible to show partnership between de-
fendants without an averment of partnership in the petition, was
asserted by this court in the case of Lessing vs. Sulzbacher (35
Mo. 445), and re-asserted in the case of Gates vs. Watson (54
Mo. 585).

The objection that the notes should not have been received as
evidence, on the ground of variance, was properly overruled.
The petition alleges that the notes were payable at the Bedford
Bank, Lawrence Co., Indiana, the notes on their face show that
they were so payable, and there was no variance between the
note and allegation.  It is true that the petition charges, that,
upon the maturity of the four notes, payable "at the Bank of
Bedford, Lawrence Co., Indiana," they were presented at that
place, and payment refused by the cashier "of the branch at
Bedford, of the Bank of the State of Indiana, said bank being
the place where said notes were payable," but the objection would
not apply to the admissibility of the notes, and could, if well
founded, be urged as a reason for the rejection of the notary's
certificate of protest.  And, as the objection was made to the in-
troduction of the notary's certificate of protest, and overruled,
we will consider the sufficiency of the objection as though it had
been properly made to the introduction of the note.

In the case of the Bank of the State of Missouri vs. Vaughn
(36 Mo. 90), where the bill was made payable "at the Bank
of Mo. at St. Louis," and the allegation of the petition was,
that it was presented for payment "at the Bank of the State of
Missouri at St. Louis, the place designated in said bill for pay-
ment," it was held that there was no variance, although the aver-
ment of the petition was expressly denied by answer.  In the
case before us the answer does not deny the allegation that "the

Branch at Bedford of the Bank of the State of Indiana" was the same bank where said notes were payable, and the statement of the petition is therefore admitted.

We perceive no error in the action of the court in allowing both the notes and certificates of protest to be read in evidence.

Upon the close of plaintiffs' evidence defendants asked the court to instruct the jury that, upon the evidence, plaintiffs were not entitled to recover. We will not consider the action of the court in overruling this instruction, inasmuch as the same question is presented in the objections which were made to the giving and refusing of instructions.

The court gave one instruction, at the instance of plaintiffs, and against the objection of defendants, which it is unnecessary to notice, as the determination of this case depends on the action of the court in refusing the third instruction asked for defendants. It is as follows: "There is no evidence that defendants had proper notice of the dishonor of said notes, and the plaintiffs cannot recover."

We have been unable, after a careful review, to find any evidence that defendants had been notified of the dishonor of the notes, as the law requires. The notes were made payable to defendants, and by them indorsed to Sloan, and by Sloan to plaintiffs. They were also endorsed to "Fourth National Bank, Cincinnati, Ohio," and placed in Bedford Bank for collection. The certificate of the notary shows. that at the request of the holder they were duly presented for payment, and protested for non-payment, and that on the same day notices of protest, one for the drawer and one for each indorser, were placed in a sealed envelope, postage paid, and deposited in the post office at Bedford, and directed to R. W. Ricky, cashier Fourth National Bank, Cincinnati, Ohio. This is proof of notice to the last indorser, and to charge prior indorsers they should likewise be notified. Where all the indorsers of a negotiable note are sought to be held liable, it is not sufficient to show that the last indorser only was notified of the dishonor of the note, and that notices of protest and non-payment for each prior indorser were inclosed to the last indorser, but the evidence should show that each prior indorser, who

is intended to be made liable, was duly notified. The undertaking of the indorser to the indorsee is, that he will pay the bill if it is dishonored, provided timely and due notice thereof is given him. This notice may be proved by circumstances, such as that an indorser, after protest, paid any part of the debt, or promised to pay it, or admitted that he continued liable for it. These are facts from which notice may be inferred. The evidence in this case neither shows that defendants were notified by Sloan or plaintiffs, or any subsequent indorser of the notes, nor does it show any fact which would authorize the inference that such notice had been given.

The judgment is reversed and the cause remanded. All the other judges concur, except Judge Wagner, who is absent.