WM. LOWE, Respondent, v. THE ELECTRIC SPRINGS
COMPANY, Appellant.

Kansas City Court of Appeals, June 8 and December 7, 1891.

1.  **Partnership** : ALLEGATA ET PROBATA : JOINT AND SEVERAL PROM-
ISE. A petition may ·declare on the promise of an individual as
such, and a recovery be had by showing that a partnership of
which he was a member made the promise, all promises being
joint and several. So a declaration on the promise of the partner-
ship is supported as against an individual member thereof by
proof of a contract with him ; nor can the fact that such individ-
ual denies being a member of the partnership affect the result.

2.  **Appellate Practice** : INCONSISTENT INSTRUCTION : ERROR IN
APPELLANT'S FAVOR. Inconsistent instructions are erroneous, but
when such error is in favor of the appellant it cannot make
against the result.

*Appeal from the Johnson Circuit Court.*—HON. CHAS.
W. SLOAN, Judge.

AFFIRMED.

*J. M. Shepherd* and *S. P. Sparks*, for appellant.

(1.)   A party cannot count upon one cause of action
and recover upon an entirely different one. *Link v.
Vaughn*, 17 Mo. 585 ; *Clements v. Yeats*, 69 Mo. 623 ;
*Summer v. Rogers*, 90 Mo. 324 ; *Reed v. Bott*, 100 Mo.
62 ; *Newham v. Kenton*, 79 Mo. 382; *Baldwin v.
Whaley*, 78 Mo. 186 ; *Ross v. Ross*, 81 Mo. 184 ; *Buf-
fington v. Railroad*, 64 Mo. 246. The petition charged
a sale to Doud & Wood and Wood, and to Colbern as
silent partner in the Electric Springs Company. The
evidence of plaintiff all tended to show a sale to Col-
bern individually. This was not a mere variance, but
an absolute failure of proof of the cause of action stated
in the petition. *Thieman v. Goodnight*, 17 Mo. App.

429; *Clark v. Smith*, 39 Mo. 498; *Bank v. Campbell*, 34 Mo. App. 45; *Ischer v. Bridge Co.*, 95 Mo. 261; *Sisney v. Arnold*, 28 Mo. App. 568; *Trimble v. Stewart*, 35 Mo. App. 537. (2) The one instruction given for defendant Colbern submitted the theory of the case contained in the petition; and the only instruction given for the plaintiff was in direct conflict with it and predicated wholly on a sale to Colbern individually. This was gross error. Instructions should be predicated on all the issues raised by the pleadings and supported by the evidence. *Beauchamp v. Higgins*, 20 Mo. App. 514.

*O. L. Houts*, for respondent.

(1) That appellant Geo. W. Colbern agreed with respondent to pay for the lumber in question, and that respondent sold and delivered the same upon the faith of that agreement, was the "substantive" fact and allegation of the petition put in issue and tried, every other allegation of the petition being admitted. This substantive fact was not whether Colbern, as a member of the Electric Springs Company, or as a silent partner in that company, promised to pay for this lumber, but whether he promised to pay for it. Or, in the language of appellant's admission, the contest was whether Geo. W. Colbern was liable, or had respondent sued the wrong man. The allegation of the petition that Colbern was a member of this company was an immaterial one, and it was not necessary to prove it, provided his promise was otherwise proven. This has been the law in this state ever since the adoption of the code. *Gates v. Watson*, 54 Mo. 585; *Stix v. Matthews*, 63 Mo. 371–374; *Lessing v. Sulsbacher*, 35 Mo. 445; *Sanders v. Anderson*, 21 Mo. 402; *See v. Cox*, 16 Mo. 166–168; *Anstee v. Ober*, 26 Mo. App. 665, for a full discussion. Respondent's evidence, which the jury believed and accepted, tended to prove that Colbern was a member

of that company, and became bound when the company did. (2) If there had been no evidence whatever, tending to prove that Colbern belonged to this company or was interested in this hotel, and respondent's evidence had tended to prove a sale to Colbern upon his promise alone, this would not have amounted to a failure of proof of the cause of action "in its entire scope and meaning." *Brown v. Railroad*, 31 Mo. App. 662–673.

ELLISON, J.—This action is to enforce a mechanics' lien. The following is the material portion of the petition: "That on the twenty-third day of September, 1889, under a contract with M. Fairchilds, Doud and Jessie B. Wood as open partners, and said defendant, Geo. W. Colbern as silent partner, the plaintiff under contract with said defendants, acting under said firm-name of the Electric Springs Company, agreed to furnish and deliver material for the erection of said building, which was to be used, and was used, in the construction thereof; in consideration of which said last-named defendant agreed to pay plaintiff therefor; that plaintiff has complied with said contract on his part, and that said defendants have paid plaintiff the sum of $570 under said contract; that plaintiff under said contract furnished and delivered to said last-named defendants material to be used, and which was used, in the erection of said building, of the aggregate value of $1,721.92 ; that defendants had failed to pay same ; that said balance was due."

The court gave for plaintiff the following instruction: "The court instructs the jury that there is no dispute, but that the plaintiff is entitled to recover the amount claimed in the petition and the interest thereon against Frank Wood and his wife, Jessie B. Wood, and M. Fairchilds Doud, to be a lien against the property described in the petition, and that the only question in issue is whether defendant, Geo. W. Colbern, became

obliged by his contract to pay for the lumber sued for. If the jury believe from the evidence that, before the plaintiff furnished the said lumber, he and defendant Colbern had an agreement that defendant Colbern would pay for the same, and the plaintiff, in the faith of said agreement, sold the said lumber, then the jury are bound to find for the plaintiff not only against said defendants and enforce the same as a lien against said property, but also against said Geo. W. Colbern for the amount claimed."

And for the defendant the following : " Before the jury can find for plaintiff against the defendant Colbern, it devolves on plaintiff to establish by a preponderance of all the evidence in the case that said Colbern was a silent partner in the Electric Springs Company, and thereby became the purchaser of the material sued for; unless the jury so find, their verdict should be for defendant, Geo. W. Colbern. However, you must find for plaintiff as to the other defendants, and that he is entitled to a lien against the hotel building situated on the premises referred to in the evidence."

The only contest was as to the liability of the defendant Colbern. He was joined in the action as being one of the members of the partnership of the Electric Springs Company. Objection is made that as the petition is against the partnership there can be no recovery against one of the individuals composing the partnership; when the evidence shows the contract to have been that of the individual, in his individual capacity, and not for the firm. But it is held in this state that you may sue an individual, as such, declare on his promises as such, and recover by showing that a partnership of which he was a member made the promise. *See v. Cox*, 16 Mo. 166; *Gates v. Watson*, 54 Mo. 585. The theory of those cases is that you prove his promise, when you prove that it was made by those authorized to bind him. Now in this case the action is against certain individuals as members of a

partnership, and the contract is declared to be that of the partnership, but the proof shows the .contract to have been that of one of the individuals of the partnership.    By our statute all promises are joint and several, and, therefore, in the cases cited, the promise of the firm is the several promise of each member.    Proof that the partnership actually made the promise is only proving that an agent of the individual member made it, and that individual is held as any other principal who acts through an agent.    Therefore, it would seem to be clear that if one should sue A, declaring that he made a contract through his agent B, and it should turn out in evidence that he made the contract himself and not through his agent, that ought not to affect the case. The promise of the partnership is, under our statute, the several promises of each partner, and, therefore, a petition against a partnership is, in effect, but a declaration on the separate promise of each and will authorize evidence against either of the individuals and support a judgment against those individuals to whom the evidence applies.

We recognize that there is an apparent difficulty in allowing the foregoing to control the disposition of this case, from the fact that Colbern denies being a member of the partnership and the evidence tends to bear him out.    It can be said with some degree of logic that, if he was not a member of the partnership, the promise or contract of the partnership as declared upon would not be his several promise; for as seen above it could only become his several promise through the operation of his relation to the firm.    But as we have endeavored to show that the declaration against individuals as members of the partnership is but a declaration on the separate promise of each individual named, it follows that we cannot allow the distinction mentioned, regarding it as more artificial than real.    It follows, therefore, that plaintiff's instruction was properly given.

Such instruction, however, is evidently at cross-purpose with one given for defendant and he complains of this. But the inconsistency is in defendant's favor, and, therefore, cannot make against the result. In it the jury are told that they cannot find against defendant Colbern unless he was a member of the partnership. This was error in his favor, as we have seen that recovery could be had against him though he was not a member of the firm. With the concurrence of the other judges, the judgment will be affirmed.