FRAUD: remedy.

THE BLASLAND – PARCELS – JORDON SHOE COMPANY, Plaintiff in Error, v. EDWARD HICKS, Defendant; DANIEL W. HILIG, Interpleader, Defendant in Error.

St. Louis Court of Appeals, April 7, 1897.

1. **Partnership:** SALE BY ONE PARTNER TO ANOTHER: CONSIDERATION: VALIDITY. A sale by one partner to another of all his interest in the partnership, in consideration of what the other had paid of the firm debts, and that he would pay the remainder, was upon sufficient consideration, and valid, if made in good faith.

2. **Nonresident Interpleader:** MOTION FOR SECURITY FOR COSTS. A motion by plaintiff to require a nonresident interpleader to give security for costs should have been sustained.

3. **Change of Venue:** JUDICIAL DISCRETION. The appellate court will not interfere with the action of the trial court in changing the venue of a cause, in the exercise of its discretion, unless it appears flagrant injustice has been done plaintiff.

4. **Trial Practice:** PLEADING. The court erred in refusing to permit plaintiff to file an amended answer, offered before the cause was on trial and no valid reason could be assigned therefor.

5. ——: CONTINUANCE: ABSENCE OF MATERIAL WITNESS. The refusal of the court to grant an application for continuance on the ground of the absence of a material witness, was error, where plaintiff had brought the witness into court by process, and the witness, without plaintiff's knowledge or consent, absented herself before she could be called to testify.

6. ——: ABSENCE OF MATERIAL WITNESS: ATTACHMENT. The court also erred in refusing to keep the case open until the absent witness could be brought into court by attachment, which, as was shown by the affidavit, could be done in a short time, and which was done shortly after the close of the evidence; and the fact that plaintiff did not ask the court to reopen the case and permit the witness to testify, was no answer to the assignment of error for such refusal.

7. ——: ADMISSIBILITY OF EVIDENCE OF MORAL CHARACTER, AND DECLARATIONS OF DEFENDANTS. Evidence of the personal bad habits of defendant, not material to any issue in the case, was incompetent and inadmissible. So were declarations by defendant discrediting a sale, made by him after the transaction, and declarations by defendant in his own interest, in support of his possession which was disputed.

8. Instructions. An instruction, which assumed the existence of a fact in dispute, was erroneous. So, also, were instructions, given upon the theory that the relation of debtor and creditor existed between defendants, when in. a strict legal sense, no such relation existed.

*Appeal from the Mississippi Circuit Court.*—HON. HENRY C. RILEY, Judge.

REVERSED AND REMANDED (with leave to plaintiff to file its amended answer).

*Campbell & Ryan* for plaintiff in error.

The court should have sustained the motion for security for costs. R. S. 1889, sec. 2916.

The court should have granted plaintiff's request to send the case to Madison county, upon the application for change of venue, that county being most convenient to plaintiff. R. S. 1889, sec. 2262.

It was an evident abuse of judicial discretion, under the circumstances of this case, for the court to

overrule the application, and its action will be reviewed by the appellate court. *State v. Maddox*, 117 Mo. 667, 681; *Barnum v. Adams*, 31 *Id.* 532; *Durue v. Broadwater*, 9 *Id.* 19.

The improper admission of evidence is never harmless where the evidence is conflicting, and its admission may have influenced the jury. *State v. Whelehon*, 102 Mo. 17, 23; *Robertson v. Taylor*, 48 Mo. App. 239, 245.

The court erred in permitting Behrens to testify as to what Hilig said to him as to a change in ownership or possession of the store. That was a conclusion. 1 Thomp. on Trials, secs. 377, 378. Moreover, it assumed a controverted fact.

The court erred in permitting Hilig to testify that he had "bought the store from Hicks in good faith for the purpose of protecting himself against these debts." *Dulaney v. Rogers*, 64 Mo. 201, 205; *Roth v. Calvin*, 34 Vt. 125, 133; *Bank v. Isham*, 48 *Id.* 590, 593; 1 Thomp. on Trials, secs. 377, 378.

The court erred in permitting interpleader to introduce testimony as to Hicks' moral character and personal bad habits. *Vawter v. Hultz*, 112 Mo. 633, 639; *Dudley v. McClure*, 65 *Id.* 241; *Rogers v. Gillis*, 5 *Id.* 470, 475; *Gutzweiler v. Lackman*, 23 *Id.* 168, 172. See, also, *Fulkerson v. Murdock*.

The court erred in giving the first instruction for interpleader, which directed a verdict without including the facts necessary to be considered in reaching a conclusion. *Stanfield v. Loan Ass'n*, 53 Mo. App. 595, 599, 600; *Cameron v. Hart*, 57 *Id.* 142, 147; *Welsh v. Edmisson*, 46 *Id.* 282.

The court erred in giving the second instruction for interpleader, which assumed a controverted fact. *Railway v. Stock Yards*, 120 Mo. 541, 558; *Wilkerson v. Eilers*, 114 *Id.* 225, 252.

Plaintiff's first instruction should have been given.

*Stanfield v. Loan Ass'n, supra; Cameron v. Hart, supra; Evers v. Shumaker,* 57 Mo. App. 454, 459.

Instructions 8 and 9 should also have been given. *Boland v. Ross,* 120 Mo. 208, 217; *Tube Works v. Machine Co.,* 118 *Id.* 365, 376; R. S. 1889, sec. 5178.

*J. J. Russell* and *W. H. Miller* for defendants in error.

The requiring of security for costs (R. S. 1889, sec. 2916) is largely within the discretion of the trial court. *Hoover v. R. R.,* 115 Mo. 87; *Whitset v. Blumenthal,* 63 *Id.* 479; *Needles v. Burk,* 98 *Id.* 477.

On a change of venue, the county to which the case shall be sent is entirely within the discretion of the court, so long as it remains within the jurisdiction prescribed by the statute. R. S. 1889, sec. 2262. See, also, *Moon v. R'y,* 51 Mo. App. 507.

There was no error in refusing leave to file an amended answer just on the eve of trial. R. S. 1889, sec. 2098; *Ensworth v. Barton,* 67 Mo. 622.

In actions of this kind the same proof was admissible under the general denial as would have been under the amended answer proffered, and no harm could have resulted. *Bank v. Nicholl,* 34 Mo. App. 295; *Hardwick v. Cox,* 50 *Id.* 509; *Thomas v. Ramsey,* 47 *Id.* 84; *Sprague v. Rooney,* 114 Mo. 349; *Bank v. Lime Co.,* 43 Mo. App. 561; *McDonald v. Cash,* 45 *Id.* 66.

What Hilig said was competent as a part of the *res gestae.* Moreover, the declarations of a party in possession are admissible as to how he held possession. The same applies to the testimony of Behrens. *Corrister v. R. R.,* 25 Mo. App. 622; *Updyke v. Wheeler,* 37 *Id.* 679; *Mississippi Co. v. Vowells,* 101 Mo. 225; *Carroll v. Frank,* 28 Mo. App. 69; *Albert v. Besel,* 88 Mo. 154.

The declarations of Hicks after he had parted with the possession of the chattels were not admissible.

*Farrar v. Snider*, 31 Mo. App. 93; *Byrd v. Jones*, 60 Mo. 454; *Albert v. Besel, supra.*

Evidence of Hilig's good character was clearly admissible, as he was charged with fraud and conspiracies, and proof introduced on the part of appellant to that effect. Underhill on Ev., p. 25; Greenlf. on Ev., secs. 54, 55; *Rogers v. Troost*, 51 Mo. 470; *Gutzweiler v. Lackman*, 23 *Id.* 168; *Lumber Co. v. Hartman*, 45 Mo. App. 653; *Landa v. Obert*, 25 S. W. Rep. 342.

Specific acts or other deals made by Hilig were inadmissible. *Hawkins v. Printing Co.*, 10 Mo. App. 174; Underhill on Ev., p. 26.

Taking the instructions altogether the case was properly and correctly presented to the jury, and every phase of it covered. *Crawford v. Dopler*, 120 Mo. 362; *State v. Taylor*, 118 *Id.* 153.

BLAND, P. J.—Plaintiff in error brought suit by attachment in the Cape Girardeau circuit court against Edward Hicks, and a levy of the attachment was made upon a stock of merchandise as the property of Hicks found in a store house in the town of Jackson in said county, known as the "Chicago Store." Defendant in error, Hilig, interpleaded for the goods, claiming to be the owner. A change of the venue was taken on his application, and the cause as to the interplea was sent to Mississippi county, where upon a trial the issues were found for the interpleader, Hilig. Hicks and Hilig came from the state of Illinois to Jackson, Missouri, in October, 1893, where they opened up a store of general merchandise, and known as the "Chicago Store," Hicks furnishing about $8,000 and Hilig about $3,750 of the capital. Their sales ranged from $75 to $700 per day, until May 14, 1894, when it was ascertained that they owed somewhere from $8,000 to $10,000. Hilig on that day sold out to Hicks, and a

written contract of sale was executed by them.   By the terms of this contract Hilig sold all his interest in the partnership to Hicks in consideration of Hicks' agreement and undertaking to pay all the partnership debts.   Hilig returned to Illinois, and Hicks continued in the mercantile business on his own account, until October, 1894.   On the eighth of that month the attachment writ in this case was levied.   It was admitted that after the dissolution of the partnership, Hicks had contracted debts, amounting to at least $6,282 for merchandise sold him by divers firms.   It was also admitted that he owed the plaintiffs the amount claimed by them, $576.   On October 6 or 7, 1894, Hilig appeared at Jackson in company with a lawyer, and he and the lawyer claim that on the night of that day (a Saturday), Hicks verbally sold his store to Hilig in consideration of what Hilig had paid of partnership debts, and that he would pay the remainder of the debts of Hicks and Hilig, and that Hicks delivered to Hilig the key to the storeroom and authorized him to take possession, and said to him "the store is yours."   Hicks denies this.   Hicks disappeared from Jackson on the evening following (Sunday).   On Monday morning Hilig assumed control of the store, re-employed Hicks' clerks, and took charge of the store, closed the doors, and was getting ready to take an invoice, when the goods were seized by the sheriff.   Hilig produced receipts for a considerable amount of money paid on the partnership debts after the dissolution and before the levy of attachments.   He claims that he made these payments with his individual funds.   Hicks claims that he made them.   After the attachment Hilig paid in the neighborhood of $1,000 of partnership debts.   He had paid also an individual debt of Hicks to Ely-Walker of $600, before the attachment, payment of which he says he had guaranteed.   He also testified

on the trial that he thought all the partnership debts of Hicks and Hilig had been paid. A load of twine sold to Hicks was replevied from Hilig after he assumed control of the store. All the other goods were seized under sundry writs of attachment taken out against Hicks and sold by the sheriff, and brought approximately $4,500. One of the contentions of plaintiff in error is, that there was no consideration to support the alleged sale by Hicks to Hilig. According to Hilig's testimony the sale was in consideration of debts of the firm he had paid after the dissolution of the partnership and which Hicks had agreed to pay, the payment of the $600 to Ely-Walker, and his agreement to pay the balance of the partnership debts.

It is true that under our statute, section 2384, Revised Statutes 1889, the debts of a partnership are the joint and several debts of each of the partners (*Lowe v. Electric Light Company*, 47 Mo. App. 426), and that Hilig's sale to Hicks did not release him from his individual liability to pay all the partnership debts, but it does not follow that Hicks by the terms of his contract of May 14, was not bound to indemnify Hilig and save him harmless on account of these same debts. By the terms of that contract he became the sole owner of all the partnership assets, for a valid and sufficient consideration, to wit, his agreement and undertaking to pay the partnership debts. *McDonald v. Cash*, 57 Mo. App. 536. This undertaking (to pay the partnership debts) he failed to perform, according to Hilig's testimony. Now, if Hilig, as he claimed, had paid from his individual funds a considerable portion of these debts, and undertook to pay the remainder, why is not the consideration of sale from Hicks to Hilig a valid one, and supported by a good and meritorious consideration? The consideration is more

PARTNERSHIP: sale by one partner to another: consideration: validity.

meritorious than was the consideration of the sale by Hilig to Hicks of May 14. In that sale Hicks agreed to pay. In this Hilig had paid a considerable portion of the debts and agreed to pay the remainder. Under the authority of *McDonald v. Cash, supra,* we think the sale from Hicks to Hilig, if made as claimed by Hilig, was upon sufficient consideration, and valid if untainted by fraud.

If the interpleader, as seems to be the case, is a nonresident of this state, plaintiff's motion for security for costs should have been sustained, and as this case must be reversed plaintiffs should be permitted to refile their motion.

NONRESIDENT interpleader: motion for security for costs.

The interpleader is in effect a plaintiff in a suit for recovery of specific chattels. He occupies the position of a plaintiff in a replevin suit.

From the record in the case it appears that the court unwisely exercised its discretion by changing the venue of the cause to Mississippi instead of Madison county, the county most convenient to the plaintiffs, where they insisted the case should be sent. Yet the court may have

CHANGE of venue: judicial discretion.

been possessed of facts of its own knowledge that controlled its judgment, and we are not disposed to interfere with its discretion, as no flagrant injustice seems to have been done the plaintiff. Plaintiff should have been permitted to file its amended answer. The case was not on trial when it was offered, and no valid reason can be assigned for this refusal. We find error also in the action of the court in refusing the plaintiffs application for a continuance. Plaintiffs had, by the use of process, brought the absent witness to court. She, without their knowledge or consent, had absented herself, before she could be called as a witness. Her testimony was of the highest

TRIAL practice: pleading.

CONTINUANCE: absence of material witness.

importance to plaintiffs, vital to the main issue in the case, the fact of sale or no sale of the store by Hicks to Hilig. *State v. Maddox*, 117 Mo. 667. It was error also to refuse a few hours' delay until the sheriff could bring in the witness by attachment, as it was shown he would do, and as he did in a short time after the evidence was closed.

ATTACHMENT of witness.

Nor is it any answer to this assignment of error, that plaintiffs did not ask the court to stop the argument of the case to the jury and permit them to put the witness on the stand.

The evidence of the personal bad habits of Hicks was not material to any issue in the case, and should not have been admitted. *Vawter v. Hultz*, 112 Mo. 633. Hicks and Hilig were witnesses, and proof of their general reputation for truth and veracity, for honesty

and morality, was competent, but not of their business transaction in matters in nowise connected with this partnership nor with each other. The examination of Hilig and his witnesses was permitted to be conducted in an unusual and unfair manner. Leading questions and questions calling for a conclusion, were repeatedly permitted over plaintiffs' objections. This should be avoided upon a retrial. The rules of evidence in this regard are well settled and should be adhered to, especially in a case like this where the principal issues are to be determined from facts and conduct. Nor do we think that the declaration of either Hicks or Hilig, after Hilig assumed to take possession of the store, should be admitted. This possession is disputed and should not be supported by his declarations in his own interest; nor should Hicks' declarations, that he made no sale to Hilig, be admitted. He can not discredit the the sale, if made, by any act or declaration of his made after the transaction. Incompetent evidence is never

harmless where it *may* influence the jury. *State v.. Whelehon*, 102 Mo. 17; *Robertson v. Taylor*, 48 Mo.. App. 239.

Instruction number 2 given for plaintiff assumes. the existence of a fact in dispute, to wit, that there were debts due from the firm of Hicks and Hilig at the time of the alleged sale by Hicks to Hilig.

This is denied by the answer and should have been given to the jury hypothetically. Nor is it true that Hilig became the creditor of Hicks by the transaction of May 14. The obligation of Hicks was to indemnify Hilig not to pay him money. The instructions were all given upon the theory that Hicks. sold to Hilig in payment of a debt he owed Hilig. The relation of debtor and creditor between Hicks and Hilig in a strict legal sense did not exist, except as to the Ely-Walker debt of $600. While the transaction of May 14 did not change the relation of Hicks and Hilig to the partnership creditors, yet as between themselves Hicks in equity became the principal debtor as to all the then existing partnership debts, and Hilig his equitable surety, and Hicks was bound to make good to Hilig all of such debts thereafter paid by Hilig. *Ridgley v. Robertson*, 67 Mo. App. 45. And if, in the sale of the store, if made, by Hicks to Hilig, it was agreed that Hilig should pay the debts of the firm then outstanding, Hicks but discharged his equitable obligation to indemnify Hilig. The transaction should have been submitted to the jury hypothetically as the evidence tended to disclose it, and correct legal deductions drawn from the facts so hypothetically stated.

From what has been said it follows that the judgment must be reversed and the cause remanded for a new trial with leave to plaintiffs to file their amended answer, if they are so advised. It is so ordered. All. concur.