[No. 10134.   Department Two.   May 23, 1912.]

### A. J. GAISELL, *Respondent*, v. WILLIAM JOHNSTON, *Appellant*.[1]

PARTNERSHIP—DISSOLUTION—SALE OF INTEREST — EVIDENCE — SUFFICIENCY. There is sufficient evidence to establish a dissolution of a partnership, defendant agreeing to pay plaintiff for his interest in the partnership the sum of $500, by a note, and assume all the indebtedness, except $100 to be paid by plaintiff, where plaintiff's evidence to that effect was corroborated by a witness who was present, and by the fact that, pursuant to the offer, plaintiff paid the $100 owing by the firm, and subsequently took no part in the business.

FRAUDS, STATUTE OF—SALE OF PERSONALTY—INTEREST IN PARTNERSHIP—DELIVERY. The oral sale by plaintiff of a half interest in a partnership is not void for want of any delivery sufficient to satisfy the statute of frauds, where the plaintiff turned over the sole management and control of the business, which was assumed by the defendant, the property not being capable of manual delivery.

FRAUDS, STATUTE OF—SALE OF PERSONALTY—PART PERFORMANCE—PAYMENT. The oral sale by plaintiff of a half interest in a partnership business in consideration of defendant's note for $500, plaintiff to pay a firm debt of $100, is taken out of the operation of the statute of frauds by plaintiff's payment from his personal assets of the firm debt of $100 pursuant to the agreement.

Appeal from a judgment of the superior court for Thurston county, Mitchell, J., entered May 3, 1911, upon findings in favor of the plaintiff, in an action for the dissolution of a

[1]Reported in 123 Pac. 783.

partnership, after a trial on the merits to the court. Reversed.

*Troy & Sturdevant,* for appellant.

*G. C. Israel, Frank C. Owings,* and *Thos. L. O'Leary,* for respondent.

Morris, J.—For some months previous to October 24, 1910, the parties hereto were copartners, engaged in the logging business and operating a small sawmill. Their business relations became strained, and differences arose between them in which each claims the other was at fault. Each party has brought suit against the other. Appellant commenced his action November 21, 1910, in which he contends that, on October 24, 1910, he sold all of his interest in the copartnership business to respondent for the sum of $500, for which sum respondent agreed to give a note payable in one year, bearing five per cent interest; that after the sale and the withdrawal by appellant from all participation in the copartnership affairs, respondent refused to give the note, and suit was thereupon brought to recover the $500 as the price agreed upon. About the same time, respondent commenced this action against appellant, in which he seeks a dissolution of the copartnership and the appointment of a receiver to wind up its affairs. Both actions were tried together. The court below, holding no sale had been consummated, denied appellant his relief, and entered a decree of dissolution and appointed a receiver to wind up the copartnership affairs. Appellant, taking exceptions to the findings and decrees, brings both cases here for review.

At the conclusion of the evidence, respondent moved for judgment in both cases, upon the ground that the evidence was insufficient in law to constitute a sale of personal property, there being no delivery or change of possession, no part of the price paid, nor any consideration for the alleged sale. The record discloses no ruling of the court upon this motion.

We are therefore unable to determine whether the court below entered its decrees because of the legal insufficiency of the facts, holding with respondent's contention that the sale could not be enforced because of the statute of frauds, as applied to sales of personal property over the value of $50; or whether, irrespective of any legal insufficiency, he held that the sale had not been consummated upon the facts alone.

The appeals bring the cases here for trial *de novo*, and hence it is not necessary for us to determine whether we are called upon to review a decree based upon the court's conclusions as to the law alone, or founded upon its determination of the facts. There is but little difference between the evidence of appellant and that of respondent as to the determinative facts at the time of the so-called sale. Appellant says, after some negotiations, he offered to sell out all his interest in the business, respondent to assume all obligations and take over all credits, for the sum of $400, if respondent and his wife would give him a note payable in one year and bearing five per cent interest; that respondent said he could not accept this proposition as the firm then owed two men who had been working in the woods the sum of $100, which they were demanding and which he was then unable to meet; that appellant thereupon offered to pay this sum of $100 to the two loggers, if respondent would make the note $500, to which respondent consented; that he thereupon paid the money to the two men, and turned over all his interest to respondent, and withdrew from any further participation in the business; that respondent kept postponing the giving of the note from time to time, and finally announced his refusal to consider the matter further, and withdrew his acceptance of appellant's offer. Appellant is corroborated in his contention as to the offer and acceptance by his father, who claims to have been present at the time; also by the two loggers, who say that on October 24 respondent informed them he had purchased all of appellant's interest in the business; also by his brother, David Johnston, from whom he obtained

the $100 paid the two loggers. Respondent contends that he informed appellant he would accept his proposition, provided a machinery company holding notes for the purchase of the mill machinery would defer the payment of a $200 note due November 1, until later; that no final answer was contemplated until he could hear from the machinery company upon his application to postpone the next payment on the machinery notes; that he wrote the machinery company, and upon its refusal to accede to the postponement, notified appellant he could not accede to his proposition. It seems to us that the weight of the evidence is with appellant as to what took place at the time of the offer to sell his interest. The payment of the $100 to the two loggers is a strong confirmatory fact. It is also admitted that, from October 24, appellant took no part in the business, but withdrew himself absolutely from all participation in its affairs.

Neither can we see any question of the statute of frauds in the case. When appellant withdrew from any participation in the business, and its sole management and control was assumed and taken over by respondent, such act would satisfy any demand for a delivery, and would in law constitute a delivery. Theretofore the possession was the possession of the firm. After October 24 it was the possession of respondent. The property was not capable of a manual delivery. There was, however, a withdrawal and yielding up of possession by the one party, and an assumption and acceptance of it by the other. The payment of the $100 from the personal assets of appellant would satisfy any legal demand for a consideration. *Blasland etc. Shoe Co. v. Hilig*, 70 Mo. App. 301. Appellant was under no duty to respondent to use his private funds in the payment of partnership debts until the assets of the partnership had been exhausted; and when he did so, such a payment would operate as a due consideration for any agreement between the partners as to the disposition of the partnership property.

Finding no legal impediment, and finding the weight of the

evidence upon the facts with appellant, we believe the court below entered an erroneous decree in this case, and the same is reversed.

DUNBAR, C. J., ELLIS, and MOUNT, JJ., concur.