W. H. SMITH, Doing Business as W. H. SMITH MACHINERY COMPANY, Appellant, v. R. M. CAIN, WILL BLANKENSHIP, T. C. HENRITZ, W. O. HARRINGTON, TOM MORGAN and T. E. COLLINS, Respondents.

**Springfield Court of Appeals, May 12, 1914.**

1. **PARTNERSHIP: Proof of Admitted Though Not Alleged.** In an action against several defendants it is not essential to allege a partnership in order to be entitled to prove it, such question being a matter of evidence.

2. **CORPORATIONS: Individuals Named in: Business Must be Designated.** Where a corporation contains the names of several individuals it must further contain some word designating the business of the corporation. [Citing Sec. 2987, R. S. 1909.]

3. **APPELLATE PRACTICE: Verdict of Jury: Binding in Absence of Prejudicial Error.** Where a question of fact has been settled adversely to a party by a jury the appellate court will not disturb the verdict in the absence of prejudicial error.

4. ————: **Exclusion of Evidence: Erroneous but not Prejudicial.** Plaintiff endeavoring to hold defendants liable as partners, testified that his transactions were had entirely with only two of the defendants. The jury found that these two defendants were not liable, hence no prejudicial error was committed by excluding evidence that the other defendants were partners.

Appeal from Jasper County Circuit Court, Division Number One.—*Hon. Joseph D. Perkins,* Judge.

AFFIRMED.

*M. R. Lively* and *A. G. Young* for appellant.

(1) The affidavit filed by defendants' attorneys in the justice court shows that they were aware that they were sued as partners, and the absence of a formal allegation of partnership was waived, since it was not raised by demurrer or answer in the circuit court. R. S. Mo. 1909, secs. 1800 and 1804; Bank v. Fudge, 109 Mo. App. 186; Walker v. Deaver, 79 Mo. 664; Iroquois Mfg. Co. v. Annan-Burg Milling Co., 161 S. W. 321. (2) The signature of one partner in matters relating to the partnership binds the firm. 1 Parsons on Contracts (6 Ed.), p. 205; 30 Cyc. 485; Edgell v. Macqueene, 8 Mo. App. 75. (3) Even if Cain did not have authority to bind the firm by executing contracts in its behalf, the adoption of the contracts by receiving its benefits bound the firm. 30 Cyc., p. 484; Braches v. Anderson, 14 Mo. 441.

*A. M. Baird* and *Allen McReynolds* for respondents.

(1) Before a petition can be treated as against a partnership it must show or aver that the defendants are partners. Jones v. Fuller, 38 Mo. 363; Vaughn v. Railroad, 34 Mo. App. 141; Thurman v. James, 48 Mo. 235; Van Every v. Flanders, 17 Mo. App. 240; O'Neill v. City of St. Louis, 8 Mo. App. 416. (2) So far as this court is concerned the verdict of the triers of the fact is final as long as there is substantial evidence to support it. Schaff v. Peters, 111 Mo. App. 447; Commission v. Kilbourne, 111 Mo. App. 542; Morgan v. Kellar, 194 Mo. 663; Levels v. Railroad, 196 Mo. 606; Harris v. Sheffel, 117 Mo. App. 514; Corum v.

Railroad, 129 Mo. App. 494; Bray v. Riggs, 110 Mo. App. 630; Smith v. Telephone Co., 113 Mo. App. 429. (3) If the evidence was not sufficient for the triers of the facts to hold Cain and Blankenship, and the jury believed that they discharged their full obligations, the other defendants would not be held under the same facts, and the error complained of was harmless because immaterial. The statute and the decisions declare that judgments will not be reversed for harmless error. Section 2082, R. S. 1909; Logan v. Field, 192 Mo. 54; O'Keefe v. Railroad, 124 Mo. App. 613; Caplin v. Transit Co., 114 Mo. App. 256; Daly v. City of Carthage, 143 Mo. App. 564; Wills v. Railroad, 133 Mo. App. 625.

ROBERTSON, P. J.—The plaintiff filed his account in the justice's court against R. M. Cain & Co., upon which summons was issued, naming all of said defendants. The defendants appeared and filed an affidavit denying the partnership. A trial was had in the justice's court, an appeal taken to the circuit court and a trial there before a jury resulted in a verdict and judgment for the defendants, from which the plaintiff. has appealed.

The plaintiff was engaged in the business of renting pumps, boilers and other machinery and he proved that the defendants, Cain and Blankenship, personally rented of him certain machinery, including a pump and boiler, for which they agreed to pay him so much per month and to return them to his place of business when they got through with them. During the time they were using the pump and boiler and while they were yet in the possession of the defendants, an option to purchase was given to a party by the defendants on the mine where the boiler and pump were located, which the party afterwards exercised and purchased the mine. The plaintiff claims that there was no arrangement made with his consent whereby he released these par-

ties from the payment of the rent thereon.  The defendants claim arrangements were made with the plaintiff whereby the machinery should be left with the party who had purchased the mine, that they should be relieved from any further payment of rent thereon, and that they thereupon settled and paid the plaintiff all that was then due him from them.  This payment the plaintiff concedes but claims that he did not accept their surrender of the property to the party who had purchased their mine as a surrender to him under the lease and that he did not release them from further liability thereunder.

The principal error complained of by the plaintiff is as to the action of the trial court in refusing to admit any testimony of the partnership of defendants because there was no allegation in the statement filed that the defendants were partners.

The only testimony admitted by the court in behalf of the plaintiff to establish his claim against the defendants was the testimony as to what was said and done by the defendants Cain and Blankenship.  The plaintiff testified that he had transacted the business with no one except Blankenship and Cain.  However, during the course of the trial the plaintiff undertook to prove that the other defendants were partners in the enterprise where the pump and boiler were being used and that they were operating under the firm name of R. M. Cain & Co., in which name the contract was signed, but the court refused to admit the testimony on the ground that "You can't prove a partnership and recover on the strength of partnership unless you plead it.  You can't do it in the justice court either without alleging it."  The plaintiff, however, did succeed in getting in testimony which tended to, if it did not conclusively, prove that the defendants were partners. Even the defendant who made the affidavit denying the partnership was on the stand and admitted that he was a partner, although at the close of all of the testi-

mony the court, evidently on the theory announced in the above ruling, instructed the jury under the pleadings and evidence to return a verdict for all of the defendants except Cain and Blankenship, and thereupon hypothetically submitted their liability to the jury.

It has long since been settled by numerous decisions of our appellate courts that in an action against several defendants it is not essential to allege a partnership in order to be entitled to offer testimony tending to prove it, for the reason that such question is a matter of evidence. [Gates v. Watson, 54 Mo. 585; Fellow v. Jernigan, 68 Mo. 434; Stix v. Matthews, 63 Mo. 371, 374; Alcorn v. Railroad, 108 Mo. 81, 92, 18 S. W. 188; Anstee v. Ober, 26 Mo. App. 665, 667; Lowe v. Electric Springs Co., 47 Mo. App. 426, 430.]

The trial judge was no doubt misled by the case of Jones v. Fuller, 38 Mo. 363, cited and relied upon here by the respondent to sustain the court's ruling, but that case has been distinguished by the *Gates case* cited above, which evidently the trial judge did not see, and is readily distinguished from the case at bar on the ground that no one should presume that R. M. Cain & Co. was a corporation, since, where a corporation contains the name of individuals, it must further contain some word designating the business of the corporation. [Section 2978, Revised Statutes 1909.] The defendants also appeared in the case and, so far as the record discloses, voluntarily treated the action as one against them as partners.

It does not, however, follow that this case should be reversed and remanded for a new trial; because the plaintiff himself testified, as above noted, that all of the transactions involved in this case were had with Cain and Blankenship; hence, the liability must attach to the other defendants solely by reason of these transactions. The court did properly submit to the jury the question of the liability of Cain and Blankenship and

the jury found that they were not liable. Therefore, it necessarily follows that the other defendants are not liable and no error was committed by excluding the question of their liability from the consideration of the jury. Had the plaintiff prevailed in this suit, then he would have had grounds for complaint of the court's ruling. The jury having settled the questions of fact adversely to the plaintiff, we are powerless to disturb the judgment in the absence of prejudicial error. Affirmed. *Farrington* and *Sturgis, JJ.,* concur.